**DENNIS STEINMAN,** OSB No. 954250
dsteinman@kelrun.com
**SCOTT J. ALDWORTH,** OSB No. 113123
saldworth@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 S.W. Yamhill, Suite 600
Portland, OR  97204
Telephone: 503/222-3531
Fax: 503/227-2980

**KATHRYN L. TUCKER**, *pro hac vice forthcoming*
kathryn@yourpna.org
National Psychedelics Association
453 Manor Pl. NW, Apt. 2
Washington, DC 20010
Telephone: 206/595-0097

**HOLLY MARTINEZ**, OSB No. 192265
hmartinez@perkinscoie.com
Perkins Coie LLP
1120 NW Couch St., Floor 10
Portland OR,  97209
Telephone: 503/727-2281
Fax: 503/727-2222

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAY CUSKER, LMFT; ALISON GRAYSON; KATHRYN KLOOS, ND; and DR. YOLANDA SUAREZ, DO,<br><br>                    Plaintiffs,<br><br>    v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon; and DR. SEJAL HATHI, MD, Director of the Oregon Health Authority, | Case No.<br><br>COMPLAINT<br>(Americans with Disabilities Act, 42 U.S.C. § 12132; ORS 659A.142; Declaratory Judgment) |

COMPLAINT                                                                                                                   Page 1

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

in her official capacity,

Defendants.

For their Complaint against Defendants, Plaintiffs allege as follows:

## I.    INTRODUCTION

1. In November 2020, Oregon voters passed Ballot Measure 109, which was codified as the Oregon Psilocybin Services Act ("PSA"), ORS 475A.200 to 475A.722. The PSA creates a regulatory framework for the provision of psilocybin services and directs Defendant Oregon Health Authority ("Defendant OHA") to create rules and regulations to implement this framework.

2. One of the explicit findings underpinning the PSA is the fact that "[s]tudies conducted by nationally and internationally recognized medical institutions indicate that psilocybin has shown efficacy, tolerability, and safety in the treatment of a variety of mental health conditions, including but not limited to addiction, depression, anxiety disorders, and end-of-life psychological distress." ORS 475A.200(5). Indeed, numerous clinical trials have demonstrated remarkable efficacy of psilocybin in relief of non-physical suffering in dying patients.[1]

---

[1] Charles S. Grob et al., *Pilot Study of Psilocybin Treatment for Anxiety in Patients with Advanced-Stage Cancer*, 68 ARCH GEN PSYCHIATRY 71, 71 (2011) (anxiety levels measured at one, three, and six months after treatment "demonstrated a sustained reduction in anxiety"); Roland R. Griffiths et al., *Psilocybin Produces Substantial and Sustained Decreases in Depression and Anxiety in Patients With Life-Threatening Cancer: A Randomized Double-Blind Trial,* 30 J. OF PSYCHOPHARMACOLOGY 1181, 1195 (2016) (single dose of psilocybin produced large and significant decreases in depression, anxiety or mood disturbance, and increases in measures of quality of life, life meaning, death acceptance, and optimism in patients with a life-threatening cancer diagnosis; effects sustained at 6 months); Matthew W. Johnson & Roland R. Griffiths, *Potential Therapeutic Effects of Psilocybin*, 30 NEUROTHERAPEUTICS 734, 734 (2017); Stephen Ross, *Therapeutic Use of Classic Psychedelics to Treat Cancer-Related Psychiatric Distress*, 30 INT'L REV. PSYCHIATRY 317 (2018) (providing a review of clinical trials from 1960–2018 researching therapeutic use of psychedelic treatment in patients with serious or terminal illnesses and related psychiatric illness. The search found 10 eligible clinical trials, with a total of 445 participants, with the vast majority of the patients having advanced or terminal cancer diagnoses. Four randomized controlled trials were published between 2011 and 2016 (n = 104), mostly with psilocybin treatment (n = 92), and demonstrated that psychedelic-assisted treatment can produce rapid, robust, and sustained improvements in cancer-related

COMPLAINT                                                                                                                    Page 2

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

3. Under the PSA's framework, the provision of psilocybin services is explicitly restricted to licensed service centers under the supervision of a psilocybin service facilitator. ORS 475A.498. Because services may only be provided at licensed service centers, many disabled and terminally ill individuals—those who would benefit from access to psilocybin the most—are denied access to those services because their physical condition prevents them from travelling for treatment. Many patients with terminal illness receive their medical and other supportive care at home, under the auspices of hospice, in recognition of the fact that they are homebound.

4. Plaintiffs would like to provide home-based service to disabled and terminally ill clients, when necessary, as a reasonable accommodation under the PSA, and believe they have a legal obligation to do so. Defendant OHA has taken the position that such reasonable accommodations are not allowed because of the statute's restriction on providing services only at licensed service centers. As a result, Plaintiffs are placed in a position where they can either (1) refuse to provide service to clients who would benefit from it and potentially violate their obligations under the Americans with Disabilities Act ("ADA") and corresponding state law in order to comply with the PSA, or (2) provide accommodations necessary for these clients to have access to psilocybin services, which would place their facilitator licenses with Defendant OHA in jeopardy.

5. Defendant OHA's refusal to allow accommodations has placed disabled and

---

psychological and existential distress.). *See also* Tara C. Malone et al., *Individual Experiences in Four Cancer Patients Following Psilocybin-Assisted Psychotherapy,* FRONTIERS IN PHARMACOLOGY (Apr. 3, 2018), https://www.frontiersin.org/articles/10.3389/fphar.2018.00256/full (participants with anxiety, depression, and other existential distress achieved relief with psilocybin treatment, and benefits were sustained throughout follow-up). *See generally* Lauren Slater, *How Psychedelic Drugs Can Help Patients Face Death*, N.Y. TIMES (Apr. 20, 2012), https://www.nytimes.com/2012/04/22/magazine/how-psychedelic-drugs-can-help-patients-face-death.html ("[T]he results showed that administering psilocybin to terminally ill subjects could be done safely while reducing the subjects' anxiety and depression about their impending deaths."); Xuepeng Jing et al., Psychedelic medications for end-of-life case: Pipeline clinical trial review 2022, 21 CAMBRIDGE UNIVERSITY PRESS, (June 19, 2023).

COMPLAINT                                                                                                                                         Page 3

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

terminally ill individuals where they would only be able to access needed services by turning to underground sources. For many terminally ill individuals, this means that they will die without having access to psilocybin services that would have substantially benefited them and that their able-bodied peers can easily access under the PSA.

6. This lawsuit challenges Defendant OHA's failure to ensure that its implementation of the PSA does not discriminate against physically disabled individuals and/or provides reasonable disability accommodations required under federal and state law—specifically, Defendant OHA's failure to ensure physically disabled Oregonians are afforded equal benefit of and access to the PSA program.

## II. JURISDICTION AND VENUE

7. This is an action for declaratory and injunctive relief under Title II of the ADA, 42 U.S.C. § 12132. Plaintiffs also assert supplemental state law claims for declaratory judgment and under ORS 659A.142. This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of operative fact. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants' acts occurred in the District of Oregon and, at all material times, the Parties resided or did business in the State of Oregon. Furthermore, this case should be assigned to the Eugene Division of the District of Oregon because the events and omissions that are the subject of this action arose in this division and Plaintiffs' causes of action arose in this division.

## III. PARTIES

9. Plaintiffs Jay Cusker, LMFT ("Plaintiff Cusker"); Allison Grayson ("Plaintiff

COMPLAINT                                                                                      Page 4

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Grayson"); Dr. Kathryn Kloos, ND ("Plaintiff Kloos"); and Dr. Yolanda Suarez, DO ("Plaintiff Suarez") (collectively, "Plaintiffs") are residents of the State of Oregon. Plaintiffs Cusker, Grayson, and Kloos sue on behalf of themselves and their clients. There is a close relationship between Plaintiffs Cusker, Grayson, and Kloos and their respective clients. Plaintiffs Cusker, Grayson, and Kloos seek to protect the interests of disabled and/or terminally ill clients whose disability and/or illness is a hindrance to their ability to protect their own interests.

10. Defendant OHA is an agency of the State of Oregon. Defendant OHA is responsible for the implementation of the PSA and oversight of services provided under the PSA. Defendant Dr. Sejal Hathi, MD ("Defendant Hathi") is the current Director of Defendant OHA. Defendant Hathi is charged with enforcement of the PSA.

## IV.    ALLEGATIONS

11. Plaintiff Cusker is a licensed psilocybin facilitator. He also has experience as a Hospice Bereavement Counselor and has a special interest and expertise working with clients with advanced and terminal illness. Plaintiff Cusker is not able to provide psilocybin services to clients whose medical condition prevents them from travelling to a licensed service center. Plaintiff Cusker believes there is a legal obligation under the ADA and ORS 659A.142 to provide reasonable accommodations to these clients so that they can be administered psilocybin services in their homes and would be willing to do so, but for the restriction.

12. Plaintiff Grayson is also a licensed psilocybin facilitator. She is also a hospice provider and death doula, and has specialized experience providing support to terminally ill clients. Due to the restrictions of the PSA, Plaintiff Grayson is not able to provide psilocybin services to clients whose medical condition prevents them from travelling to a licensed service center. Plaintiff Grayson recently saw the impact of Defendant OHA's position firsthand as she was working with a palliative care patient who was interested in accessing psilocybin services, but was not able to travel to a licensed service center because of his physical condition and the

COMPLAINT  Page 5

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

ongoing side effects of chemotherapy treatments. The patient struggled immensely with acceptance of his approaching death, which studies have repeatedly shown psilocybin-assisted therapy to be effective at relieving, and ultimately passed away without being able to access psilocybin treatment. Plaintiff Grayson believes there is a legal obligation under the ADA and ORS 659A.142 to provide reasonable accommodations to these clients so that they can be administered psilocybin services in their homes and would be willing to do so, but for the restriction.

13. Plaintiff Kloos is also a licensed psilocybin facilitator. She is also a licensed Naturopathic Physician who has been in private practice in the Portland area since 2011. Plaintiff Kloos has also seen the impact of Defendant OHA's position firsthand as she was recently involved with the care of a hospice patient dying of terminal illness who wanted to receive psilocybin assisted therapy before he died. His medical condition made visiting a licensed service center impossible, which meant that he could not receive psilocybin services from Plaintiff Kloos or any other licensed facilitator. The patient ultimately passed away without being able to access psilocybin services. Plaintiff Kloos believes there is a legal obligation under the ADA and ORS 659A.142 to provide reasonable accommodations to these clients so that they can be administered psilocybin services in their homes and would be willing to do so, but for the restriction.

14. Plaintiff Suarez is a physician specializing in provision of care to patients with advanced and terminal illnesses, as well as patients who are homebound and have complex medical needs. Plaintiff Suarez has completed all training required to become a licensed psilocybin facilitator, but has not applied for a license because the PSA's restriction on only providing services at a licensed service center would prevent her patients from being able to access these services unless they were granted a reasonable accommodation under the ADA and ORS 659A.142.

COMPLAINT                                                                                                         Page 6

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

15. On or about September 1, 2023, Plaintiff Suarez sent a letter to Defendant OHA that requested guidance on whether, if she were to obtain a license, she would be permitted to provide reasonable accommodations to patients who could not travel to licensed service centers without violating the PSA and placing her facilitator license in jeopardy. Defendant OHA did not respond to Plaintiff Suarez's letter.

16. On or about September 15, 2023, Plaintiff Cusker sent a letter to Defendant OHA that requested guidance on whether he was permitted to provide reasonable accommodations to clients who could not travel to licensed service centers without violating the PSA and placing his facilitator license in jeopardy. Plaintiff Grayson sent a similar letter on or about October 2, 2023.

17. Defendant OHA responded to Plaintiff Cusker's letter on September 18, 2023, and to Plaintiff Grayson's letter on October 4, 2023. In its responses, Defendant OHA asserted that, under the statutory framework created by the PSA, there is no legal pathway to make accommodations for psilocybin to be consumed outside of a licensed service center and that the statute would need to be amended for accommodations to be permitted.

18. Public entities are required to make reasonable accommodations when necessary to allow disabled individuals to access programs and services unless doing so would result in an undue burden or a fundamental alteration of the program or service. Allowing disabled individuals whose disability prevents them from travelling to a licensed service center to receive psilocybin services in their homes as a reasonable accommodation would not result in an undue burden or a fundamental alteration of the psilocybin services program.

19. Plaintiffs have had, or expect to have in the near future, disabled clients who require home-based service as a reasonable accommodation for their disabilities. Because of the position taken by Defendant OHA, Plaintiffs cannot provide clients who need such an accommodation with psilocybin services. They would like to do so, and believe it is their

COMPLAINT                                                                                                                      Page 7

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

professional and legal obligation to do so, but cannot unless and until this Court permits it.

20. Plaintiffs suffer continuous and ongoing/imminent injury by being unable to provide services to disabled clients who require a reasonable accommodation of home-based service.

21. On or about March 12, 2024, Plaintiffs Cusker, Grayson, and Suarez timely filed a tort claim notice with Defendant OHA. Plaintiff Kloos is aware of Defendant OHA's continuing position with respect to reasonable accommodations and provides notice of her claim through the commencement of this action, in accordance with ORS 30.275(3)(c).

## V.   CLAIMS

### FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 12132 – Title II of the ADA)

22. Plaintiffs reallege paragraphs 1 through 21 as though fully set forth herein.

23. Title II of the ADA, 42 U.S.C. § 12132, prohibits public entities from excluding individuals from the public entity's services, programs, or activities on account of disability.

24. Defendants have violated Title II of the ADA by refusing to permit the reasonable accommodation of home-based service necessary to allow individuals with disabilities to access services under the PSA, and by informing licensed facilitators that they are not able to grant such accommodations.

25. Pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a, Plaintiffs are entitled to equitable relief that:

    (a) Declares Defendants have violated 42 U.S.C. § 12132 by refusing to permit the reasonable accommodation necessary to allow individuals with disabilities who require such accommodation to access services under the PSA;

    (b) Requires Defendants to allow facilitators licensed under the PSA to provide the reasonable accommodation of home service when necessary to allow disabled

COMPLAINT      Page 8

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

individuals access to psilocybin services, and to notify all licensed facilitators that such accommodations are permitted; and

   (c) Prohibits Defendants from taking any disciplinary or other adverse action against any facilitator licensed under the PSA solely on account of the facilitator's provision of reasonable accommodation to an individual whose disability requires this.

  26. Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a.

## SECOND CLAIM FOR RELIEF
### (ORS 659A.142)

  27. Plaintiffs reallege paragraphs 1 through 21 as though fully set forth herein.

  28. ORS 659A.142 prohibits public entities from excluding individuals from the public entity's services, programs, or activities on account of disability.

  29. Defendants have violated ORS 659A.142 by refusing to permit the reasonable accommodation necessary to allow individuals with disabilities to access services under the PSA, and by informing licensed facilitators that they will lose their facilitator licenses if they grant such accommodations.

  30. Pursuant to ORS 659A.885, Plaintiffs are entitled to equitable relief that:

   (a) Declares Defendants have violated ORS 659A.142 by refusing to permit the reasonable accommodation necessary to allow individuals with disabilities who require such accommodation to access services under the PSA;

   (b) Requires Defendants to allow facilitators licensed under the PSA to provide the reasonable accommodation of home service when necessary to allow disabled individuals access to psilocybin services, and to notify all licensed facilitators that such accommodations are permitted; and

COMPLAINT                                                                 Page 9

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

(c)     Prohibits Defendants from taking any disciplinary or other adverse action against any facilitator licensed under the PSA solely on account of the facilitator's provision of reasonable accommodation to an individual whose disability requires this.

31.     Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to ORS 659A.885.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment)

32.     Plaintiffs reallege paragraphs 1 through 21 as though fully set forth herein.

33.     There exists a controversy between Plaintiffs and Defendants regarding Defendants' obligations to allow facilitators licensed under the PSA to provide reasonable accommodation necessary to allow disabled individuals whose condition requires this accommodation to access psilocybin services.

34.     Plaintiffs have no plain, speedy, or adequate remedy at law to resolve this dispute.

35.     Plaintiffs are entitled to an Order that:

(a)     Declares Defendants have violated 42 U.S.C. § 12132 and ORS 659A.142 by refusing to permit the reasonable accommodation necessary to allow individuals with disabilities who require such accommodation to access services under the PSA;

(b)     Requires Defendants to allow facilitators licensed under the PSA to provide the reasonable accommodation of home service when necessary to allow disabled individuals access to psilocybin services, and to notify all licensed facilitators that such accommodations are permitted; and

(c)     Prohibits Defendants from taking any disciplinary or other adverse action against any facilitator licensed under the PSA solely on account of the facilitator's provision of reasonable accommodation to an individual whose disability requires this.

36.     Plaintiffs are entitled their costs and disbursements in bringing this action.

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants and requests the Court to grant relief as follows:

1. That the Court assume jurisdiction over Plaintiffs' claims;

2. On Plaintiffs' First, Second, and Third Claims for Relief, Plaintiffs pray for an order that:

    (a) Declares Defendants have violated 42 U.S.C. § 12132 and ORS 659A.142 by refusing to permit the reasonable accommodation necessary to allow individuals with disabilities who require such accommodation to access services under the PSA;

    (b) Requires Defendants to allow facilitators licensed under the PSA to provide the reasonable accommodation of home service when necessary to allow disabled individuals access to psilocybin services, and to notify all licensed facilitators that such accommodations are permitted; and

    (c) Prohibits Defendants from taking any disciplinary or other adverse action against any facilitator licensed under the PSA solely on account of the facilitator's provision of reasonable accommodation to an individual whose disability requires this.

3. On Plaintiffs' First and Second Claims for Relief, Plaintiffs pray for an award of their attorneys' fees and costs pursuant to 42 U.S.C. § 12133, 29 U.S.C. § 794a, and ORS 659A.885; and

4. All such other relief as the interests of justice required.

DATED this 24th day of June, 2024.

s/Dennis Steinman
**DENNIS STEINMAN**
954250
503/222-3531
**Attorneys for Plaintiffs**

COMPLAINT                                                                                                       Page 11

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980