ELLEN F. ROSENBLUM
Attorney General
SADIE FORZLEY  #151025
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  sadie.forzley@doj.oregon.gov
           alex.jones@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAY CUSKER, LMFT; ALISON GRAYSON; KATHRYN KLOOS, ND; and DR. YOLANDA SUAREZ, DO, | Case No.  6:24-cv-00998-MK |
| Plaintiffs, | STATE DEFENDANTS' MOTION TO DISMISS |
| v. | **Oral argument requested** |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon; and DR. SEJAL HATHI, MD, Director of the Oregon Health Authority, | |
| Defendants. | |

# TABLE OF CONTENTS

LR 7-1(A) CERTIFICATION ................................................................................... 1

MOTION ................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

    I.       INTRODUCTION ................................................................................. 1

    II.      BACKGROUND ................................................................................... 3

          A.     Regulatory background ........................................................... 3

          B.     Plaintiffs' lawsuit ................................................................... 4

    III.     LEGAL STANDARDS ......................................................................... 5

          A.     Motion to dismiss for lack of subject matter jurisdiction ........... 5

          B.     Motion to dismiss for failure to state a claim ............................. 6

    IV.    ARGUMENT ......................................................................................... 6

          A.     Plaintiffs lack Article III standing on the first claim for relief. ......... 6

          B.     Plaintiffs' first claim for relief fails to state a claim upon which relief can be granted ................................................................. 11

          C.     The Court lacks jurisdiction over the second and third claims because the State has not consented to federal court jurisdiction over state law claims ............................................................... 14

    V.      CONCLUSION ................................................................................... 15

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# TABLE OF AUTHORITIES

## Cases

*Advanced Integrative Med. Sci. Inst., PLLC v. Garland*,
  24 F.4th 1249 (9th Cir. 2022) ................................................................... 7

*Allen v. Wright*,
  468 U.S. 737 (1984) ................................................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) ........................................................................... 6

*Bailey v. Real Time Staffing Servs., Inc.*,
  543 Fed App'x 520 (6th Cir 2013) ........................................................... 13

*Bart St. III v. ACC Enters., LLC*,
  2018 WL 4682318 (D. Nev. Sept. 27, 2018) ............................................. 9

*Bassidji v. Goe*,
  413 F.3d 928 (9th Cir. 2005). ................................................................... 9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................... 6

*BMW of N. Am., Inc. v. Gore*,
  517 U.S. 559 (1996) ................................................................................. 14

*Collings v. Longview Fibre Co.*,
  63 F3d 828 (9th Cir 1995) ....................................................................... 13

*Doe v. Hous. Auth. of Portland*,
  2015 WL 758991 (D. Or. Feb. 23, 2015), ................................................. 9

*Emerald Steel Fabricators, Inc. v. Bureau of Lab. & Indus.*,
  348 Or. 159 (2010) ................................................................................... 13

*Ex parte Young*,
  209 U.S. 123 (1908) ................................................................................. 14

*Freeman v. Oakland Unified Sch. Dist.*,
  179 F.3d 846 (9th Cir. 1999) ................................................................... 15

*Frigard v. United States*,
  862 F.2d 201 (9th Cir. 1988) ................................................................... 15

*Georgia Atlas, Inc. v. Turnage*,
  594 F. Supp. 3d 1339 (N.D. Ga. 2022) ..................................................... 9

*Gonzales v. Gorsuch*,
  688 F.2d 1263 (9th Cir. 1982) ................................................................... 7

Page ii

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Hale v. State of Ariz.*,
 967 F.2d 1356 (9th Cir. 1992), ................................................................. 14

*J. Lilly, LLC v. Clearspan Fabric Structures Int'l, Inc.*,
 2020 WL 1855190 (D. Or. Apr. 13, 2020) ................................................. 9

*Jacobson v. Tahoe Reg'l Planning Agency*,
 566 F.2d 1353 (9th Cir. 1977) ................................................................ 10

*James v. City of Costa Mesa*,
 700 F3d 394 (9th Cir 2012) .................................................................... 12

*Johnson v. Brown*,
 2021 WL 4846060 (D. Or. Oct. 18, 2021) ............................................... 14

*Leite v. Crane Co.*,
 749 F.3d 1117 (9th Cir. 2014) .............................................................. 5, 6

*M.S. v. Brown*,
 902 F.3d 1076 (9th Cir. 2018) ............................................................... 10

*Mann v. Gullickson*,
 2016 WL 6473215 (N.D. Cal. Nov. 2, 2016) ............................................ 9

*Next Step Advisors LLC v. True Harvest Holdings Inc.*,
 641 F. Supp. 3d 655 (D. Ariz. 2022) ....................................................... 9

*Olson v. Allen*,
 2019 WL 1232834 (D. Or. Mar. 15, 2019) ............................................. 15

*Pennhurst State Sch. & Hosp. v. Halderman*,
 465 U.S. 89, 121 (1984). ....................................................................... 14

*R.R. Comm'n of Tex. v. Pullman Co.*,
 312 U.S. 496 (1941) .............................................................................. 14

*Republic of Marshall Islands v. United States*,
 865 F.3d 1187 (9th Cir. 2017) ................................................................. 7

*Safe Air for Everyone v. Meyer*,
 373 F.3d 1035 (9th Cir. 2004). ................................................................ 5

*Shulman v. Kaplan*,
 58 F.4th 404 (9th Cir. 2023) .............................................................. 7, 10

*Smith v. 116 S Mkt. LLC*,
 831 Fed Appx 355 (9th Cir 2020) .......................................................... 12

*Swinomish Indian Tribal Cmty. v. BNSF Ry. Co.*,
 951 F.3d 1142 (9th Cir. 2020) ............................................................... 11

*Torres v. Precision Indus.*, Inc.,
 938 F.3d 752 (6th Cir. 2019). ................................................................ 13

Page iii

*TransUnion LLC v. Ramirez,*
   594 U.S. 413 (2021)..................................................................................... 6

*Witt v. City of Lake Oswego,*
   2008 WL 4911881 (D Or Nov 12, 2008)................................................... 13

**Statutes**

ORS 475.005(6)(a)......................................................................................... 8

ORS 475.005(6)(b)(F)................................................................................... 8

ORS 475.752(7)(a)(B) .................................................................................. 8

ORS 475A.200 ............................................................................................... 3

ORS 475A.205 ............................................................................................... 3

ORS 475A.220(1). .......................................................................................... 3

ORS 475A.220(13). ........................................................................................ 3

ORS 475A.220(15). ........................................................................................ 4

ORS 475A.235 ............................................................................................... 4

ORS 475A.275 ........................................................................................... 3, 8

ORS 475A.305 ............................................................................................... 4

ORS 475A.355(2) .......................................................................................... 3

ORS 475A.380 ............................................................................................... 4

ORS 475A.498 ............................................................................................... 3

ORS 659A.142 ............................................................................................... 5

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(1).................................................................................. 1

Fed. R. Civ. P. 12(b)(6).............................................................................. 1, 6

OAR Chapter 333, Division 333.................................................................... 4

**United States Code**

21 U.S.C. § 811–814...................................................................................... 7

21 U.S.C. § 812(b)(1) .................................................................................... 7

Page iv

21 U.S.C. § 812, Schedule I(c)(15).................................................................... 7

21 U.S.C. § 841(a)(1)......................................................................................... 7

21 U.S.C. § 844(a) ............................................................................................. 7

42 U.S.C. 12132 ........................................................................................... 5, 11

42 U.S.C.A. § 12182 ........................................................................................ 12

Page v

## LR 7-1(A) CERTIFICATION

Undersigned counsel for Defendants certifies that the parties made a good faith effort through a telephone conference to resolve the dispute and have been unable to do so.

## MOTION

Defendants Oregon Health Authority ("OHA") and Dr. Sejal Hathi, OHA Director ("the State Defendants") move the Court to enter a judgment of dismissal on the following grounds:

(1) The first claim should be dismissed with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Plaintiffs lack Article III standing because they fail to establish redressability.

(2) The first claim should also be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because their claim is based on an erroneous interpretation of the ADA and therefore fails as a matter of law.

(3) The second and third claims should be dismissed, without prejudice, under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because they are state law claims from which the State Defendants are immune from suit in federal court and the court lacks supplemental jurisdiction over these claims.

This motion is supported by the following memorandum of points and authorities and the pleadings.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

This case arises following the passage of Ballot Measure 109 (2020), which established a framework under state law for the legal use of psilocybin (typically via the ingestion of psychedelic mushrooms).  Oregon legalized the use of psilocybin under state law under specific circumstances and conditions, including that (1) psilocybin may only be used under the supervision of a licensed "facilitator," and (2) psilocybin may only be administered or ingested at

Page 1 -   STATE DEFENDANTS' MOTION TO DISMISS
SF/ek4/966495272

a licensed psilocybin "service center." Oregon law prohibits the use of psilocybin outside of a service center.

Plaintiffs are four psilocybin facilitators who "would like to provide home-based service" to disabled individuals who are "denied access to those services because their physical condition prevents them from travelling for treatment." Complaint ¶¶ 3–4 (ECF #1). They bring three claims—one under the ADA and two state law claims—on behalf of themselves, as well as past and future clients. *Id.* ¶ 9. Their central contention is that Defendants, who have refused to authorize any home-based psilocybin administration because the law does not allow it, are violating Title II of the Americans with Disabilities Act based upon their claim that the categorical exemption that Plaintiffs seek is a reasonable accommodation required by the ADA.

To be clear, Plaintiffs are not claiming that any psilocybin service centers are violating ADA accessibility requirements, or that the State Defendants would be liable for any such violations. Rather, Plaintiffs are claiming that psilocybin facilitators must be allowed to administer psilocybin *outside* of those service centers, in people's homes—regardless of whether any service centers themselves are ADA-compliant. Thus, this case is not an ordinary ADA accessibility claim—it is a claim seeking to expand Oregon's decriminalization of psilocybin itself.

Plaintiffs' claims face unsurmountable jurisdictional and legal obstacles. First, Plaintiffs lack Article III standing on the first claim because their claim—seeking to force the State Defendants to authorize and facilitate conduct that is prohibited under both state and federal law—is not redressable in federal court. Second, the first claim also fails as a matter of law because it would require the Court to interpret the ADA inconsistently with another federal law, the Controlled Substances Act ("CSA"). The ADA does not protect conduct that is prohibited under the CSA. Nor can Plaintiffs invoke the power of the federal courts to facilitate conduct that is currently illegal under both federal law and state law. Third, the court lacks subject matter

Page 2 -    STATE DEFENDANTS' MOTION TO DISMISS
SF/ek4/966495272

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

jurisdiction over Plaintiffs' second and third claims because the State Defendants cannot be sued on state law claims in federal court.

Ultimately, this case raises questions of state law and issues of state policy, which Plaintiffs must take up in the appropriate state forum given that they wish to fundamentally alter the basic structure of Oregon's voter-approved Psilocybin Services Act. Federal court is the wrong forum for this case.

## II.    BACKGROUND

### A.    Regulatory background

Measure 109, now codified as ORS Chapter 475A (entitled the Oregon Psilocybin Services Act, referred to as the "PSA"), established a regulatory framework for the legal use of psilocybin, legalizing the manufacture, sale, and administration of psilocybin for medical purposes. ORS 475A.200; ORS 475A.205 (general purposes and findings of the Act); ORS 475A.275 (providing for the lawful manufacture, deliver, and possession of psilocybin under the Act). Rather than creating a dispensary model, as with Oregon's legalization of marijuana, Measure 109 created a scheme under which the drug may only be used at a licensed "psilocybin service center" under the supervision of a licensed "psilocybin service facilitator." ORS 475A.498 ("A client may purchase, possess, and consume a psilocybin product: (1) Only at a psilocybin service center; and (2) Only under the supervision of a psilocybin service facilitator."); ORS 475A.355(2) ("An administration session must be held at a psilocybin service center.").

The term "'[p]silocybin service center' means an establishment . . . at which administration sessions  are held; . . . and at which other psilocybin services may be provided." ORS 475A.220(13). "'Administration session' means a session held at a psilocybin service center at which a client purchases, consumes, and experiences the effects of a psilocybin product under the supervision of a psilocybin service facilitator." ORS 475A.220(1). And "'[p]silocybin

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

service facilitator' means an individual that facilitates the provision of psilocybin services in this state."  ORS 475A.220(15).

The PSA gives OHA primary responsibility to regulate psilocybin services.  ORS 475A.235 (setting out general powers and duties of OHA under the Act).  This includes the responsibility to regulate licensing and training of psilocybin facilitators and to license and regulate service centers.  ORS 475A.380; ORS 475A.305.  OHA's administrative rules addressing psilocybin services are set out at OAR Chapter 333, Division 333.  Director Hathi, also named as a defendant, is the director of OHA.  Complaint ¶ 10.

### B. Plaintiffs' lawsuit

Three of the four Plaintiffs are licensed psilocybin facilitators who have an interest in working with individuals with serious illnesses as facilitators.  Complaint ¶¶ 11–14.  Plaintiff Jay Cusker is a therapist.  *Id.* ¶ 11.  Plaintiff Alison Grayson is a hospice provider and death doula. *Id.* ¶ 12.  Plaintiff Kathryn Kloos is a naturopathic physician.  *Id.* ¶ 13.  The fourth Plaintiff, Yolanda Suarez, is a physician who has completed facilitator training but has not applied for a license to be a facilitator.  *Id.* ¶ 14.

Plaintiffs Cusker, Grayson, and Kloos sue on behalf of themselves and their clients. They allege that there is a close relationship between themselves and their respective clients and that they seek to protect the interests of disabled and/or terminally ill clients whose disability and/or illness is a hindrance to their ability to protect their own interests.  *Id.* ¶ 9.  The complaint does not allege that Plaintiff Suarez sues on behalf of clients.  *See id.*

Plaintiffs bring three claims.  The first claim is brought under Title II of the ADA, alleging that the State Defendants have violated the ADA "by refusing to permit reasonable accommodation of home-based service necessary to allow individuals with disabilities to access services under the PSA, and by informing licensed facilitators that they are not able to grant such accommodations."  *Id.* ¶ 24.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The second claim is a state law claim, brought under ORS 659A.142, an Oregon statute that prohibits discrimination on the basis of disability. *Id.* ¶¶ 27–31. Plaintiffs allege the State Defendants are in violation of ORS 659A.142 for the same or similar reasons they are alleged to be in violation of the ADA. *Id.* ¶ 29.

The third claim for relief is a state law declaratory judgment claim. *Id.* ¶¶ 32–36. Plaintiffs do not assert a declaratory judgment claim under federal law. *See id.* ¶ 7 ("Plaintiffs also assert supplemental *state law* claims for declaratory judgment and under ORS 659A.142.") (emphasis added).

Plaintiffs seek identical relief for all three claims, seeking various equitable remedies, including an order that (1) "Declares Defendants have violated 42 U.S.C. § 12132 and ORS 659A.142 by refusing to permit the reasonable accommodation necessary to allow individuals with disabilities who require such accommodation to access services under the PSA;" (2) "Requires Defendants to allow facilitators licensed under the PSA to provide the reasonable accommodation of home service when necessary to allow disabled individuals access to psilocybin services, and to notify all licensed facilitators that such accommodations are permitted;" and (3) "Prohibits Defendants from taking any disciplinary or other adverse action against any facilitator licensed under the PSA solely on account of the facilitator's provision of reasonable accommodation to an individual whose disability requires this." Complaint p. 11. Plaintiffs also seek attorney fees and costs. *Id.*

## III.    LEGAL STANDARDS

### A.    Motion to dismiss for lack of subject matter jurisdiction

In a Rule 12(b)(1) motion, a defendant may raise a facial or factual jurisdictional challenge. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "A 'facial' attack accepts the truth of the Plaintiffs' allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). A factual attack "contests the truth of the

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite*, 749 F.3d at 1121.

**B.    Motion to dismiss for failure to state a claim**

A claim must be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## IV.    ARGUMENT

**A.    Plaintiffs lack Article III standing on the first claim for relief.**

To establish Article III standing, Plaintiffs must show (1) that they "suffered an injury in fact that is concrete, particularized, and actual or imminent"; (2) "that the injury was likely caused by the defendants;" and (3) "that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). On the face of the complaint, Plaintiffs lack standing because they seek a remedy that is not available in this court, and therefore fail to establish the redressability element of standing, on the face of the complaint.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

"To determine whether an injury is redressable, a court will consider the relationship between 'the judicial relief requested' and the 'injury' suffered." *California v. Texas*, 593 U.S. 659, 671 (2021) (quoting *Allen v. Wright*, 468 U.S. 737, 753, n. 19 (1984)). "[I]f the court is unable to grant the relief that relates to the harm, the plaintiff lacks standing." *Gonzales v. Gorsuch*, 688 F.2d 1263, 1267 (9th Cir. 1982). "Redressability invokes the separation of powers, asking whether the remedial action requested is 'committed to the judicial branch.' As such, evaluating the issue of redressability 'requires an analysis of whether the court has the power to right or to prevent the claimed injury.'" *Shulman v. Kaplan*, 58 F.4th 404, 409 (9th Cir. 2023) (quoting *Republic of Marshall Islands v. United States*, 865 F.3d 1187, 1192, 1200 (9th Cir. 2017) and *Gonzales*, 688 F.2d at 1267).

Here, Plaintiffs seek declaratory and injunctive relief requiring the State Defendants to categorically allow psilocybin facilitators to administer psilocybin outside of licensed service centers "when necessary to allow individuals with disabilities who require such accommodation to access services under the PSA." Complaint p. 11 (request for relief).

That remedy directly involves conduct that is currently prohibited under federal law, because using or administering psilocybin to another person is prohibited. "Psilocybin is a hallucinogenic substance obtained from certain mushrooms, and is a Schedule I drug under the CSA." *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1253 (9th Cir. 2022) (citing 21 U.S.C. § 812, Schedule I(c)(15)). "[T]he CSA makes it a crime to manufacture, distribute, or possess a controlled substance without authorization," and "categorizes controlled substances into five schedules based on safety, accepted medical use, and potential for abuse." *Id.* (citing 21 U.S.C. §§ 841(a)(1), 844(a) and schedules defined by part B of the CSA, 21 U.S.C. §§ 811–814). Under the CSA, schedule I drugs have "a high potential for abuse," "no currently accepted medical use in treatment in the United States," and "a lack of accepted safety for use ... under medical supervision." *Id.* (citing 21 U.S.C. § 812(b)(1)).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiffs' remedy also involves conduct that would violate state law, because using or administering psilocybin outside of a licensed service center remains illegal under Oregon law. Oregon's decriminalization of psilocybin only extends to conduct expressly authorized by the PSA, which only allows the use of psilocybin at a licensed service center.  *See above* Section II.A; ORS 475A.275 (providing that the manufacture, delivery, or possession of psilocybin products by a licensee or a licensee representative "in compliance with ORS 475A.210 to 475A.722 and rules adopted under ORS 475A.210 to 475A.722 does not constitute a criminal or civil offense under the laws of this state").

Correspondingly, Oregon's drug laws continue to classify psilocybin used outside of the specific requirements of the PSA as a controlled substance.  Under Oregon's Uniform Controlled Substances Act, controlled substances include "a drug or its immediate precursor classified in Schedules I through V under the federal CSA, 21 U.S.C. 811 to 812, as modified under ORS 475.035."  ORS 475.005(6)(a).  The state definition of "controlled substance "does not include" psilocybin, "but only if and to the extent that a person manufactures, delivers, or possesses psilocybin, psilocin, or psilocybin products in accordance with the provisions of ORS 475A.210 to 475A.722 and rules adopted under ORS 475A.210 to 475A.722."  ORS 475.005(6)(b)(F). Outside of that narrow exception, psilocybin remains a controlled substance in Oregon, with various criminal prohibitions and penalties set out in the Oregon Uniform Controlled Substances Act.  *See, e.g.*, ORS 475.752(7)(a)(B) (unlawful possession of "[t]welve grams or more of a mixture or substance containing a detectable amount of psilocybin or psilocin" is a Class A misdemeanor).

Therefore, Plaintiffs effectively seek a remedy that would require the Court to order the State Defendants to allow and facilitate conduct that is illegal under both federal and state law— more specifically, the use and administration to others of psilocybin.

There are two related problems that preclude this remedy.  First, the Court lacks the power (or as a prudential matter, should decline) to use its remedial power to issue a remedy that

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

would protect, and require the State Defendants to directly facilitate, conduct that is illegal under both federal and state law.  In general, federal courts cannot award relief that would require violation of federal law.  *See Bassidji v. Goe*, 413 F.3d 928, 938–39 (9th Cir. 2005).  And in the context of controlled substances, many courts have concluded that they cannot impose a remedy that is illegal.  *See, e.g., J. Lilly, LLC v. Clearspan Fabric Structures Int'l, Inc.*, No. 3:18-cv-01104-HZ, 2020 WL 1855190, at *12 (D. Or. Apr. 13, 2020) ("[D]istrict courts in this circuit have declined to enforce contracts and award damages for the manufacture and sale of marijuana when no other remedy exists except one that would compel a party to violate the CSA."); *Next Step Advisors LLC v. True Harvest Holdings Inc.*, 641 F. Supp. 3d 655, 657–58 (D. Ariz. 2022) (in breach of contract case seeking breach of contract damages for the manufacture and sale of marijuana, concluding that the plaintiff lacked standing because the plaintiff's injury was not redressable by the court because the court could not grant the relief sought without ordering a violation of the CSA); *Bart St. III v. ACC Enters., LLC*, No. 2:17-cv-00083-GMN-VCF, 2018 WL 4682318, at *5 (D. Nev. Sept. 27, 2018) (refusing to enforce illegal contract provisions relating to marijuana).  *Cf. Mann v. Gullickson*, No. 15-cv-03630-MEJ, 2016 WL 6473215, at *7 & n.4 (N.D. Cal. Nov. 2, 2016) (holding the court could order the buyer to pay the seller under a contract for the sale of businesses related to the marijuana industry that did not actually possess, cultivate, or distribute marijuana, but suggesting that the outcome would be different if the object of the contract were itself illegal); *see also Georgia Atlas, Inc. v. Turnage*, 594 F. Supp. 3d 1339, 1346 (N.D. Ga. 2022) (holding that plaintiffs lacked standing to sue State of Georgia under Section 1983 for denial of marijuana license for lack of an injury-in-fact given the lack of a federally recognized right to sell marijuana); *Doe v. Hous. Auth. of Portland*, No. 3:13-CV-1974-SI, 2015 WL 758991, at *6 (D. Or. Feb. 23, 2015), *aff'd*, 644 F. App'x 722 (9th Cir. 2016) (concluding that where a requested accommodation would require a federal agency to violate federal regulations, the accommodation is "patently unreasonable").

Page 9 -    STATE DEFENDANTS' MOTION TO DISMISS
SF/ek4/966495272

Second, the requested remedy runs afoul of the limitations on federal courts imposed by both separation of powers and federalism principles.  Under the specific circumstances here— where Plaintiffs are asking the court to categorically expand access to a controlled substance, notwithstanding that psilocybin remains categorically illegal under federal law, and where the remedy sought would also violate state law—it would be improper for a federal court to order such a remedy.  Imposing a remedy specifically addressing the use and administration a controlled substance that is illegal under federal law would violate separation of powers principles.  Likewise, such a remedy expanding the use of psilocybin beyond that currently authorized by state law also violates federalism principles.  The court has the power to invalidate existing law (which neither party is asking the court to do here), but it would not be appropriate to force the state to enact new laws or amend existing laws under these circumstances.  *See M.S. v. Brown*, 902 F.3d 1076, 1089 (9th Cir. 2018) ("In particular, we have explained that '[p]rinciples of federalism counsel against' awarding 'affirmative injunctive and declaratory relief' that would require state officials to repeal an existing law and enact a new law proposed by plaintiffs.") (quoting *Jacobson v. Tahoe Reg'l Planning Agency*, 566 F.2d 1353, 1366 (9th Cir. 1977), *aff'd in part, rev'd in part on other grounds sub nom*).

To be sure, redressability is not precluded in all cases that merely *relate* to an illegal business.  Recently, in *Shulman v. Kaplan*, a cannabis entrepreneur and cannabis businesses brought an action alleging that a former business partner and others engaged in unlawful, fraudulent conduct that injured their cannabis business and related property, in violation of Racketeer Influenced and Corrupt Organizations Act (RICO), Lanham Act, and state law. *Shulman*, 58 F.4th at 407.  The court concluded that the injury was redressable for purposes of Article III because the plaintiffs sought money damages based on alleged financial injuries to their business.  *Id.* at 408–9.  The circumstances here, however, are materially different than in *Shulman* because the sole remedy that Plaintiffs seek is equitable relief that would expand access to a controlled substance and require the State Defendants to act in contravention to both federal

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

and state law.  In other words, Plaintiffs seek an express order from the court that Plaintiffs have the right to engage in conduct that is prohibited by federal and state law.  This is beyond the power of the federal courts.  Accordingly, the Court should dismiss the first claim for lack of subject matter jurisdiction.

**B.     Plaintiffs' first claim for relief fails to state a claim upon which relief can be granted.**

As noted above, Plaintiffs contend that the ADA, a federal law, compels the State Defendants to allow Plaintiffs to provide in-home psilocybin services and alter the state's psilocybin program to accommodate this change, contrary to state law.  But psilocybin is a Schedule I controlled substance under the federal CSA.  Thus, in addition to the lack of redressability described above in Section IV.A, the first claim presents a related, irreconcilable contradiction in that Plaintiffs seek to invoke the power of one federal law (the ADA) to protect conduct that is expressly prohibited under another federal law (the CSA).  This presents a basic statutory interpretation problem, because Plaintiffs' theory, construing the ADA to protect the rights to use and administer psilocybin, relies on an erroneous interpretation that would needlessly create an irreconcilable conflict with the CSA, which prohibits that conduct.

In order to resolve potential conflicts between laws, courts turn to basic principles of statutory construction.  The relevant principle here is that the court should seek, if at all possible, to harmonize two statutes to the extent that they appear to conflict, giving effect to both statutes. *Swinomish Indian Tribal Cmty. v. BNSF Ry. Co.*, 951 F.3d 1142, 1156 (9th Cir. 2020) ("To the extent two federal laws appear to conflict, we attempt to harmonize them.").

Plaintiffs allege that the State Defendants' refusal to allow them to administer psilocybin outside of a licensed service center violates 42 U.S.C. § 12132 (Title II of the ADA), which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  But the ADA cannot be interpreted to mandate an expansion of the scope of the state's limited decriminalization of

Page 11 -   STATE DEFENDANTS' MOTION TO DISMISS
SF/ek4/966495272

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

psilocybin, contrary to the federal prohibition on psilocybin.  To avoid disharmony between the ADA and the CSA, the court must conclude that the ADA does not compel an expansion of Oregon's limited legalization of psilocybin, given that such an expansion would be contrary to the CSA.  Although psylocibin has been decriminalized under Oregon law under specific conditions and circumstances, it remains a Schedule I controlled substance under the Controlled Substances Act.  Simply put, Plaintiffs are improperly seeking to invoke the power of the federal courts and federal law to protect conduct that is illegal under federal law.  Accordingly, the Court should conclude that the ADA does not protect the use and administration of psilocybin and, therefore, that the first claim fails as a matter of law.

This does not mean that the ADA could never apply to circumstances tangentially involving psilocybin.  Psilocybin service centers in Oregon may be subject to the ADA's accessibility requirements for public accommodations, *see* 42 U.S.C. § 12182—a matter that this lawsuit sidesteps entirely.  *See Smith v. 116 S Mkt. LLC*, 831 Fed Appx 355 (9th Cir 2020) (upholding district court determination that the defendant violated the ADA by failing to provide ADA-compliant parking spaces and access to their commercial property being leased to a marijuana dispensary and rejecting appellant's argument that providing ADA-compliant access to the property was an illegal remedy).  If the service centers that Plaintiffs are affiliated with do not provide appropriate access to individuals with disabilities, that is another issue entirely, one for which the State Defendants bear no liability.

Case law addressing the issue of whether the ADA protects the right to use medical marijuana under Title I of the ADA (which protects qualified individuals with disabilities from employment discrimination), although not controlling, provides some guidance in showing how courts have considered similar issues.  Courts have consistently held that medical marijuana use authorized by state law is not protected by the ADA in the employment discrimination context. *See James v. City of Costa Mesa*, 700 F3d 394 (9th Cir 2012) (concluding that medical marijuana use constitutes illegal use of drugs under Title I of ADA); *Collings v. Longview Fibre Co.*, 63

Page 12 -  STATE DEFENDANTS' MOTION TO DISMISS
SF/ek4/966495272

F3d 828 (9th Cir 1995) (rejecting claim by employees who alleged that employer violated the ADA by terminating them for their drug addiction disability and holding that the ADA does not protect individuals who are "currently engaging in the illegal use of drugs"); *Bailey v. Real Time Staffing Servs., Inc.*, 543 Fed App'x 520, 524 (6th Cir 2013) (terminating an employee for testing positive for marijuana on a drug test is a "legitimate reason" for termination and thus does not constitute disability discrimination in violation of the ADA); *Emerald Steel Fabricators, Inc. v. Bureau of Lab. & Indus.*, 348 Or. 159, 169-190 (2010) (holding that employer was not required to accommodate employee's use of medical marijuana under state and federal law). *Cf. Witt v. City of Lake Oswego*, CIV. 07-0586-HA, 2008 WL 4911881 at *3-4 (D Or Nov 12, 2008) (Lake Oswego's termination of a police officer did not violate the ADA, because his termination was based on his misconduct, including attempts to purchase cocaine, possession and use of illegal drugs, and failing to disclose prior illegal drug use to employer in his employment application, rather than his perceived disability as an individual with substance abuse problems).

Thus, consistent with precedent and basic principles of statutory construction regarding conflicts of laws, the Court should hold that the first claim fails to state a claim upon which relief could be granted, because the ADA should not be interpreted to protect the right to use and administer psilocybin given that it is prohibited under the CSA.

To be clear, the State Defendants do *not* argue that the PSA is preempted by federal law and explicitly seek no decision on that issue. This argument is limited to the conflict between two federal laws presented by Plaintiffs' first claim. The Court should not address the issue of preemption given that both parties support the PSA and no party is asking the Court to reach that issue. Additionally, principles of comity and constitutional avoidance counsel against ruling on whether a state law is preempted where there are other means of resolving the case. "[C]ourts should not address a question of preemption if they can resolve the case on other grounds." *Torres v. Precision Indus., Inc.*, 938 F.3d 752, 754–55 (6th Cir. 2019). Here, even if the issue of preemption were properly before the court, it would be unnecessary for the Court to reach it

Page 13 -  STATE DEFENDANTS' MOTION TO DISMISS

given that the State Defendants have presented two dispositive arguments that would resolve the first claim. Moreover, as discussed below in section IV.C, Plaintiffs' state law claims, which seek virtually identical remedies to their federal claim, must be dismissed *without* prejudice. This would allow Plaintiffs to raise their state law claims in state court, the appropriate forum for the resolution of these issues. *Cf. BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 577 (1996) ("[O]nly state courts may authoritatively construe state statutes."); *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 498 (1941) (describing abstention doctrine that allows federal courts to refrain from deciding sensitive issues of social policy "upon which the federal courts ought not to enter unless no alternative to its adjudication is open. Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.").

**C.    The Court lacks jurisdiction over the second and third claims because the State has not consented to federal court jurisdiction over state law claims**.

The second and third claims are barred by sovereign immunity. The second claim is a state law disability discrimination claim brought under ORS 652.615. Complaint ¶¶ 27–31. The third claim is a state law declaratory judgment claim. *Id.* ¶¶ 7, 32–36.

The Eleventh Amendment bars all state law claims "brought into federal court [against nonconsenting states] under pendent jurisdiction." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Although the *Ex parte Young*, 209 U.S. 123 (1908), exception to the Eleventh Amendment allows a plaintiff to assert a claim for prospective injunctive relief against a state official in his official capacity, it applies only to enjoin ongoing violations of *federal* law—not state law. *See Pennhurst*, 465 U.S. at 106 (the *Ex parte Young* doctrine is "inapplicable in a suit against state officials on the basis of state law"); *Hale v. State of Ariz.*, 967 F.2d 1356, 1369 (9th Cir. 1992), *on reh'g*, 993 F.2d 1387 (9th Cir. 1993) ("the Eleventh Amendment deprives federal courts of jurisdiction to order state actors to comply with state law"); *Johnson v. Brown*, No. 3:21-CV-1494-SI, 2021 WL 4846060, at *19 (D. Or. Oct. 18, 2021) ("Plaintiffs' state statutory argument cannot provide a basis for the injunctive relief Plaintiffs request because Defendants have sovereign immunity from this Court's jurisdiction to

Page 14 -  STATE DEFENDANTS' MOTION TO DISMISS

issue an injunction instructing state officials on how to conform their conduct to state law.");

*Olson v. Allen*, 3:18-CV-001208-SB, 2019 WL 1232834, at *5 (D. Or. Mar. 15, 2019)

(dismissing state statutory claims against state agency and state official on Eleventh Amendment

grounds).  Defendants here do not consent.

The dismissal "should be ... without prejudice so that a plaintiff may reassert [her] claims

in a competent court."  *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir.

1999) (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)).

**V.    CONCLUSION**

For all the reasons set out above, the Court should dismiss this case.


DATED September _5__, 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


   *s/ Sadie Forzley*
SADIE FORZLEY #151025
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
sadie.forzley@doj.oregon.gov
alex.jones@doj.oregon.gov
Of Attorneys for Defendants

Page 15 -  STATE DEFENDANTS' MOTION TO DISMISS
SF/ek4/966495272

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000