ELLEN F. ROSENBLUM
Attorney General
SADIE FORZLEY #151025
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: sadie.forzley@doj.oregon.gov
alex.jones@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAY CUSKER, LMFT; ALISON GRAYSON; KATHRYN KLOOS, ND; and DR. YOLANDA SUAREZ, DO,<br><br>Plaintiffs,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon; and DR. SEJAL HATHI, MD, Director of the Oregon Health Authority,<br><br>Defendants. | Case No. 6:24-cv-00998-MK<br><br>STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS |

## I. INTRODUCTION

The case is about whether federal law protects the right to use and administer psilocybin, and whether federal law allows the court to order an expansion of Oregon’s narrow legalization



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

of psilocybin in Oregon, which exclusively allows psilocybin therapy in licensed service centers. As explained in the Motion to Dismiss, Plaintiffs have chosen the wrong forum (federal court) to pursue the policy change that they seek, because the conduct that they claim is protected is prohibited under federal law. It is not just psilocybin itself that is prohibited, but also the very conduct that Plaintiffs seek to protect—the acts of possessing, distributing, and dispensing psilocybin to others. Plaintiffs' response ignores this issue. The barriers to this lawsuit proceeding in this forum are insurmountable.

Regarding whether the remedy they seek is redressable, Plaintiffs do not appear to challenge the basic principle that federal courts may not issue illegal remedies, nor do they appear to dispute the current legal status of psilocybin. Instead, they simply insist that the remedy they seek is not illegal—notwithstanding that they seek a declaration and an order mandating that the state allow them to administer psilocybin in homes, conduct that is outright prohibited under both federal and state law. Similarly, regarding whether their ADA claim fails because it hinges upon an interpretation of a federal remedial statute as protecting conduct that is prohibited under a federal criminal statute, Plaintiffs' argument appears to rest on an unexplained presumption that the ADA carves out an unwritten exception to the CSA. Plaintiffs are wrong on both points and their arguments do not provide a path for this lawsuit to continue.

For the reasons explained in the Motion to Dismiss and below, the court should dismiss this lawsuit.

## II. ARGUMENT

### A. The ADA claim is not redressable in federal court, because Plaintiffs are asking this Court to authorize conduct that is prohibited by federal law.

As explained in the Motion to Dismiss, Plaintiffs lack standing on their first claim because that claim is not redressable by this Court. That is because Plaintiffs are asking the Court to order Defendants to authorize conduct that is prohibited by federal law: dispensing or distribution of a Schedule I controlled substance.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Specifically, Plaintiffs seek to "administer[] psilocybin services in [clients'] homes," and they ask this Court to order Defendants to allow Plaintiffs to provide those services. *See* Compl. ¶¶ 11–13; Compl., Request for Relief ¶ 2(b) (asking for an order requiring Defendants to allow psilocybin facilitators to provide "home service when necessary to allow disabled individuals access to psilocybin services"). "'Psilocybin services' means services provided to a client before, during, and after the client's consumption of a psilocybin product," including an "administration session," in which "a client purchases, consumes, and experiences the effects of a psilocybin product." ORS 475A.220(1), (16).

Thus, allowing the provision of psilocybin services means allowing the distribution, dispensing, and possession of psilocybin. An order requiring Defendants to allow in-home psilocybin administration would be an order requiring Defendants to allow Plaintiffs and others to violate federal law. Psilocybin is a Schedule I drug under the Controlled Substances Act, which means that—outside of a narrow exception for specially-registered research—the CSA prohibits the manufacturing, distribution, dispensing, and possession of psilocybin. *Advanced Integrative Med. Sci. Inst., PLCC v. Garland*, 24 F.4th 1249, 1253–54 (9th Cir. 2022) (citing 21 U.S.C. § 812, Schedule I(c)(15), §§ 841(a)(1), 844(a)); *see also id.* at 1261-62, n. 13 (suggesting agreement with the proposition that "Congress has not yet made an exception to the CSA to allow for the legal use of psilocybin" and that a legislative approach is necessary to expand access to psilocybin); 21 U.S. Code § 841.

Plaintiffs cite no case—and Defendants are aware of no case—in which a federal court has ordered or may order a state or other party to allow someone to violate federal law. Instead, Plaintiffs fail to acknowledge that is what they are asking this Court to do. Although Plaintiffs frame their request as a question of "*access* to psilocybin services," that wording does not help them get around the CSA. *See* Compl., Request for Relief ¶ 2(b) (emphasis added). Access to controlled substances is precisely what the CSA prohibits.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiffs contend that requiring Defendants to allow in-home administration of psilocybin would be no different from requiring a property owner to "provid[e] a ramp or handicapped parking," as in *Smith v. 116 S Market LLC*, 831 F. App'x 355 (9th Cir. 2020). Plaintiffs' Opposition to Defendants' Motion to Dismiss, Dkt. 17 ("Resp.") at 2, 5–6. But in that case, the Ninth Circuit clearly distinguished between access to a building and access to a drug. The district court had ordered a property owner to provide ADA-compliant parking spaces and access routes to its property. *116 S Market*, 831 F. App'x at 356. The owner, who was leasing the property to a marijuana dispensary, contended that the court's order "mandate[d] an illegal act" by requiring the owner to "facilitate . . . access to marijuana." *Id.* But as the Ninth Circuit emphasized, "the order [was] silent as to marijuana use"; it merely required the owner to provide access to the building, which would not violate the CSA. *Id.* To the extent that the owner faced a risk of criminal liability, due to the fact that the property was being used for marijuana sales, "[a]dding ADA-compliant facilities would not change [that] basic fact." *Id.*

Here, in contrast, Plaintiffs are not asking for an order that merely requires access to a property and is "silent" as to any activity that might take place there. *See id.* Rather, Plaintiffs are seeking an order expressly and directly requiring Defendants to allow federally-prohibited conduct itself: possessing, dispensing, and/or distributing psilocybin. *116 S Market* provides no support for such an order.

Nor do the other cases cited by Plaintiffs support their standing argument. None of those cases concerned access to a controlled substance or whether a court could order a party to allow such access. In *Shulman v. Kaplan*, the plaintiffs sought money damages under RICO based on alleged financial injuries to their cannabis business, and the question was whether the court could redress "economic harms related to cannabis." *Shulman v. Kaplan*, 58 F.4th 404, 409 (9th Cir. 2023). In *Flatten v. Smith*, the court affirmed the dismissal of a similar case without addressing Article III standing at all. *Flatten v. Smith*, No. 22-15741, 2023 WL 4490353, at *1 (9th Cir. July 12, 2023), *cert. denied*, 144 S. Ct. 194 (2023) (citing *Shulman*, 58 F.4th at 407, 411–12)

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(concluding that the plaintiffs lacked statutory standing to sue the defendants under RICO for seizing the plaintiffs' marijuana, "because cannabis is illegal under federal law"). *Hacienda* concerned whether a debtor's violations of the CSA required dismissal of their bankruptcy petition. *In re Hacienda Co., LLC*, 654 B.R. 155, 164 (Bankr. C.D. Cal. 2023) (concluding that the Bankruptcy Code did not require dismissal of "every case that had a connection with illegal activity").

In none of those cases was there any suggestion of what Plaintiffs are asking for here: an order requiring state officials to *allow* distribution of a controlled substance. Plaintiffs are not merely seeking redress for injuries *related* to a controlled substance. Rather, the alleged injury is Plaintiffs' inability to distribute or dispense the controlled substance itself, and they are asking a federal court to order the authorization of that federally-prohibited conduct.

Plaintiffs do not dispute that the possession, distribution, and dispensing of controlled substances is illegal under federal law. Instead, Plaintiffs merely contend that they are not asking the Court to *require* anyone to "provide a controlled substance and thereby violate the CSA." Resp. at 6. But that argument, again, merely dodges the issue of what Plaintiffs *are* asking for: a federal court order requiring that Plaintiffs be *allowed* to violate federal law.

Finally, Plaintiffs argue that, under the Supremacy Clause, state law restrictions on psilocybin must give way to the federal ADA. Resp. at 6–7. But the CSA is also a federal law. Plaintiffs make no attempt to explain how the ADA modifies or overrides the CSA. To the contrary, Plaintiffs appear to acknowledge that, despite the existence of the ADA, "provid[ing] a controlled substance" would still "violate the CSA." *See* Resp. at 6.

Thus, Plaintiffs are asking this Court to order state officials to allow conduct prohibited by both state *and* federal law. To issue such an order would exceed the power of this Court and would run afoul of both separation of powers and federalism. Plaintiffs' claims are not redressable in this Court.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**B. Plaintiffs' ADA claim does not state a claim upon which relief can be granted because the ADA does not require state officials to allow conduct that is prohibited by federal law.**

Again, Plaintiffs' ADA claim depends on a theory that would create an irreconcilable contradiction in federal law. While the CSA prohibits Plaintiffs from distributing, dispensing, and possessing psilocybin, Plaintiffs argue that the ADA requires that they deliver psilocybin to clients' homes, and that they be allowed to do so. To avoid that conflict, the Court must conclude that the ADA, a federal statute, does not require state officials to allow conduct that is illegal under federal law.

Plaintiffs do not dispute that the CSA prohibits distribution and possession of psilocybin. Instead, Plaintiffs again attempt to get around the CSA by arguing that in-home psilocybin services are merely a means of providing access, akin to constructing a wheelchair ramp. *See* Resp. at 10. Plaintiffs argue that "the ADA claim is about access for disabled individuals; whether they do anything or nothing that violates the CSA is not at issue." Resp. at 7.

But again, while the CSA does not prohibit wheelchair ramps, it does prohibit distribution, dispensing, and possession of controlled substances, which is what is at issue here. Plaintiffs' claim rests on the argument that the ADA requires them to provide, and to be allowed to provide, in-home "access to psilocybin services," which means in-home delivery and administration of psilocybin. *See* Compl., Request for Relief ¶ 2(b). Unlike in *116 S Market*, Plaintiffs are not merely seeking to provide or gain access to a place where they or their clients might or might not possess or distribute a controlled substance. *See 116 S Market*, 831 F. App'x at 356 (emphasizing that the order to provide access to the property was "silent as to marijuana use"). Rather, Plaintiffs' argument is that the ADA requires Plaintiffs to distribute or dispense a federally controlled substance itself and therefore requires the State to allow them to do so.

The CSA expressly prohibits the distribution and dispensing of controlled substances. *See* 21 U.S.C. § 841(a). The ADA does not purport to create an exception to that prohibition, nor do Plaintiffs offer any argument that the ADA creates an unwritten exception. The ADA therefore cannot be read to require the distribution or dispensing of controlled substances, or to

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

require that such conduct be allowed. Plaintiffs' ADA claim fails to state a claim upon which relief can be granted.

**C. The State Defendants have not conceded any ADA violation.**

Plaintiffs repeatedly suggest that the State Defendants have conceded merits issues, apparently because the Motion to Dismiss did not raise them. *See, e.g.*, Resp. at 2 ("Defendant…essentially concedes an ADA violation (and by parity of standards an Oregon state law disability law violation"); *Id.* at 7 ("OHA essentially concedes an ADA violation…"); *Id.* at 7 ("Defendants do not dispute any of the elements of Plaintiffs' ADA claim."); *Id.* at 8 ("Defendants do not dispute that the clients on whose behalf Plaintiffs' claims are brought are qualified individuals with a disability…being excluded from participation…[as] a direct result [of their disability]"); *Id.* at 8 (contending that Defendants' Rule 12 (b)(6) argument "concedes discrimination."); *Id.* at 10 ("…Defendants refuse to face its [*sic*] practically conceded violations of Oregon law in federal court…"); *Id.* at 11 ("Defendants do not contest that the program at issue violates the ADA on the merits.").

Plaintiffs, who appear to misunderstand the purpose of a motion to dismiss, are wrong. The only issues that have been waived are those which must be raised in a party's first response under Fed. R. Civ. P. 12 (h)(1), such as lack of personal jurisdiction, venue, or insufficient service or process. Beyond those waivable issues, the State Defendants have not conceded anything. If the Court allows this lawsuit to proceed, the State Defendants will continue to defend this case, including by raising jurisdictional and merits issues at the appropriate times. *See* Fed. R. Civ. P. 12 (h)(2) (failure to state a claim can be raised as late as trial on the merits); Fed. R. Civ. P. 12 (h)(3) (subject matter jurisdiction may be raised "at any time").

**D. The state law claims should be dismissed without prejudice.**

The State Defendants do not consent to litigate the state law claims in federal court. Therefore, the parties appear to be in agreement that the state law claims should be dismissed

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

without prejudice. If Plaintiffs choose to continue to pursue these claims, they may do so in state court.

## III. CONCLUSION

For the reasons set forth above, the Court should grant the State Defendants' Motion to Dismiss.

DATED November 12, 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Sadie Forzley*

SADIE FORZLEY #151025
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
sadie.forzley@doj.oregon.gov
alex.jones@doj.oregon.gov
Of Attorneys for Defendants

Page 8 - STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
SF/ek4/976354088

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000