DAN RAYFIELD
Attorney General
SADIE FORZLEY  #151025
Senior Assistant Attorney General
SHAUNEE MORGAN #194256
ALEXANDER C. JONES #213898
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  sadie.forzley@doj.oregon.gov
        shaunee.morgan@doj.oregon.gov
        alex.jones@doj.oregon.gov

Attorneys for Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


| | |
|---|---|
| JAY CUSKER, LMFT; ALISON GRAYSON; KATHRYN KLOOS, ND; and DR. YOLANDA SUAREZ, DO,<br><br>Plaintiffs,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon; and DR. SEJAL HATHI, MD, Director of the Oregon Health Authority,<br><br>Defendants. | Case No.  6:24-cv-00998-MTK<br><br>ANSWER TO COMPLAINT |

Defendants submit this Answer to Plaintiff's Complaint and admit, deny, and allege as

follows:

1.      Defendants admit the allegations in the first sentence of paragraph 1.  The second

sentence of paragraph 1 purports to describe the Psilocybin Services Act, which speaks for itself and is the best evidence of its contents.

2.      The first sentence of paragraph 2 purports to describe the Psilocybin Services Act, which speaks for itself and is the best evidence of its contents. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 2, and therefore, the allegations are denied. Paragraph 2 is also vague and ambiguous as to the terms "numerous clinical trials" and "remarkable efficacy."

3.      The first sentence of paragraph 3 purports to describe the Psilocybin Services Act, which speaks for itself and is the best evidence of its contents. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 3, and therefore, the allegations are denied. Paragraph 3 is also vague and ambiguous as to the term "many patients."

4.      Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of paragraph 4, and therefore, the allegations are denied. In response to the second sentence of paragraph 4, Defendants admit that OHA has acknowledged that, under the Psilocybin Services Act, psilocybin service facilitators may provide psilocybin services that involve the consumption of psilocybin only at licensed psilocybin service centers. The third sentence of paragraph 4 states legal conclusions to which no response is required; in response to any remaining allegations in the third sentence, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations, and therefore, the allegations are denied.

5.      Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 5, and therefore, the allegations are denied.

6.      Paragraph 6 purports to describe this action, and no response is required.

7.      Paragraph 7 purports to describe this action and states legal conclusions; no response is required.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

8.     Paragraph 8 states legal conclusions to which no response is required.

9.     In response to the first sentence of paragraph 9, Defendants admit that Plaintiffs Cusker, Grayson, and Kloos have Oregon addresses on file with their psilocybin service facilitator licenses.  The second sentence of paragraph 9 purports to describe this action, and no response is required.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore, the allegations are denied.

10.     Defendants admit the allegations in paragraph 10.

11.     Defendants admit the allegations in the first sentence of paragraph 11. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 11, and therefore, the allegations are denied.

12.     Defendants admit the allegations in the first sentence of paragraph 12. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore, the allegations are denied.

13.     In response to paragraph 13, Defendants admit that Plaintiff Kloos is a licensed psilocybin facilitator and a licensed Naturopathic Physician.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore, the allegations are denied.

14.     In response to paragraph 14, Defendants admit that Plaintiff Suarez holds an Oregon license as a Doctor of Osteopathy and that Plaintiff Suarez has not applied for a license as a psilocybin facilitator.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore, the allegations are denied.

15.     In response to paragraph 15, on information and belief, Defendants admit that, on or about September 1, 2023, Plaintiff Suarez sent a letter to OHA, and that OHA did not send Plaintiff Suarez a response to that letter; Defendants assert that that letter speaks for itself and deny any allegations inconsistent with it.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

16.     In response to paragraph 16, Defendants admit that, on September 15, 2023, Plaintiff Cusker sent an email, with an attached letter, to OHA; Defendants assert that that email and that letter speak for themselves and deny any allegations inconsistent with them.  Defendants admit that, on October 2, 2023, Plaintiff Grayson sent an email to OHA; Defendants assert that that email speaks for itself and deny any allegations inconsistent with it.

17.     In response to paragraph 17, Defendants admit that, on September 18, 2023, OHA sent a response to Plaintiff Cusker's September 15, 2023 email and letter, and that, on October 4, 2023, OHA sent a response to Plaintiff Grayson's October 4, 2023 email; Defendants assert that those responses speak for themselves and deny any allegations inconsistent with them.

18.     Paragraph 18 states legal conclusions to which no response is required.

19.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 19, and therefore, the allegations are denied.

20.     Defendants deny the allegations in paragraph 20.

21.     In response to the first sentence of paragraph 21, Defendants admit that Plaintiffs Cusker, Grayson, and Suarez filed a tort claim notice with OHA on or about March 12, 2024; the allegation that the tort notice was timely is a legal conclusion to which no response is required. The second sentence of paragraph 21 purports to describe this action and states legal conclusions to which no response is required.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 21 about Plaintiff Kloos's knowledge or awareness, and therefore, those allegations are denied.

22.     In response to paragraph 22, Defendants incorporate their responses to paragraphs 1 through 21.

23.     Paragraph 23 purports to describe the Americans with Disabilities Act, which speaks for itself and is the best evidence of its contents.

24.     Defendants deny the allegations in paragraph 24.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

25.     In response to paragraph 25, Defendants deny that Plaintiffs are entitled to any relief.

26.     In response to paragraph 26, Defendants deny that Plaintiffs are entitled to any award of attorneys' fees or costs.

27.     In response to paragraph 27, Defendants incorporate their responses to paragraphs 1 through 21.

28.     Paragraph 28 purports to describe ORS 659A.142, which speaks for itself and is the best evidence of its contents.

29.     Defendants deny the allegations in paragraph 29.

30.     In response to paragraph 30, Defendants deny that Plaintiffs are entitled to any relief.

31.     In response to paragraph 31, Defendants deny that Plaintiffs are entitled to any award of attorneys' fees or costs.

32.     In response to paragraph 32, Defendants incorporate their responses to paragraphs 1 through 21.

33.     Paragraph 33 states legal conclusions to which no response is required.

34.     Paragraph 34 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any remedy.

35.     In response to paragraph 35, Defendants deny that Plaintiffs are entitled to the requested order and deny that Plaintiffs are entitled to any relief.

36.     In response to paragraph 36, Defendants deny that Plaintiffs are entitled to any costs or disbursements.

37.     Defendants deny any allegations requiring a response in Plaintiffs' Complaint that are not expressly admitted above.  Defendants deny that they have violated 42 U.S.C. § 12132 or ORS 659A.142.  Defendants deny that Plaintiffs are entitled to any relief.

Page 5 -   ANSWER TO COMPLAINT
SF/ek4/992007073

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

38.     The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Reasonable Accommodation)

39.     The modifications Plaintiffs request are not reasonable accommodations or modifications and for that reason, Plaintiffs cannot prevail on their claims.

### Third Affirmative Defense

### (Fundamental Alteration)

40.     The modifications Plaintiffs request would fundamentally alter the nature of the nature of the service, program, or activity, and for that reason, Plaintiffs cannot prevail on their claims.

### Fourth Affirmative Defense

### (Undue Burden)

41.     The modifications Plaintiffs request would result in an undue burden, and for that reason, Plaintiffs cannot prevail on their claims.

### Fifth Affirmative Defense

### (Illegality)

42.     The relief Plaintiffs request, if granted, would consist of an order authorizing conduct that violates federal law.

### Sixth Affirmative Defense

### (Subject Matter Jurisdiction—Standing)

43.     Plaintiffs lack standing to bring the claims they assert because they lack standing to seek the statewide relief they seek.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Seventh Affirmative Defense**

(Subject Matter Jurisdiction—Standing)

44.     This Court lacks subject matter jurisdiction because Plaintiffs lack standing on their own behalf and to represent unnamed third parties.

**REQUEST FOR RELIEF**

WHEREFORE, having fully answered the Complaint, Defendants request that this Court enter judgment in favor of Defendants and dismiss the Complaint with prejudice.

DATED June  23, 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General


_s/ Alexander C. Jones_
SADIE FORZLEY #151025
Senior Assistant Attorney General
SHAUNEE MORGAN #194256
ALEXANDER C. JONES #213898
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Sadie.Forzley@doj.oregon.gov
Shaunee.Morgan@doj.oregon.gov
Alex.Ones@doj.oregon.gov
Of Attorneys for Defendants

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000