DAN RAYFIELD
Attorney General
SHAUNEE MORGAN  #194256
ALEXANDER C. JONES #213898
Assistant Attorneys General
SADIE FORZLEY #151025
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Shaunee.Morgan@doj.oregon.gov
        Alex.Jones@doj.oregon.gov
        Sadie.Forzley@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAY CUSKER, LMFT; ALISON GRAYSON; KATHRYN KLOOS, ND; and DR. YOLANDA SUAREZ, DO, | Case No.  6:24-cv-00998-MTK |
| Plaintiffs, | DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | *Request for Oral Argument* |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon; and DR. SEJAL HATHI, MD, Director of the Oregon Health Authority, | |
| Defendants. | |

# TABLE OF CONTENTS

CERTIFICATE OF CONFERRAL ...................................................................... 1

CERTIFICATE OF COMPLIANCE ................................................................... 1

MOTION ............................................................................................................. 1

MEMORANDUM OF LAW ............................................................................... 1

    I.      Introduction ....................................................................................... 1

    II.    Background ......................................................................................... 2

          A.     Oregon's psilocybin services program ...................................... 2

          B.     Factual background. ................................................................. 3

          C.     Plaintiffs' ADA claim. ............................................................ 4

    III.   Legal Standard .................................................................................. 4

    IV.   Argument .......................................................................................... 5

          A.     Plaintiffs lack Article III standing ............................................ 5

          B.     Plaintiffs lack standing under this Court's "associational standing" doctrine ........................................................................................... 8

                1.     The distinction between separate and derivative injuries. .............. 9

                2.     Plaintiffs have alleged a derivate injury, not a separate injury. .............. 11

          C.     Plaintiffs lack third party standing. .......................................... 13

          D.     Plaintiffs fail to state an ADA claim, because they do not specify a qualified individual with a disability or the accommodation sought for such individual. ................................................................................... 15

                1.     To state an ADA claim for failure to accommodate a qualified individual with a disability, a complaint must allege specific facts about the individual's disability. ................. 16

                2.     The complaint does not identify any individual who is currently seeking or will soon seek psilocybin services. .............. 17

                3.     The complaint does not allege facts to support an inference that Plaintiffs' unspecified potential clients will be otherwise qualified to receive psilocybin services. ..................... 22

                 4.     The complaint does not specify what accommodations are sought. ................................................................................. 23

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

IV.      Conclusion ........................................................................................................ 24

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................5, 22

*Autism Soc'y of Mich. v. Fuller*,
  No. 05:05-CV-73, 2006 WL 1519966 (W.D. Mich. May 26, 2006)....................................12

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) ......................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................5

*Bell v. Univ. of Cal. Davis Med. Ctr.*,
  No. 2:11-cv-1864 MCE AC PS, 2013 WL 1896318 (E.D. Cal. May 6, 2013) ......................19

*Blake v. Southcoast Health System, Inc.*,
  145 F. Supp. 2d 126 (D. Mass. 2001) .......................................................................19

*Bresaz v. County of Santa Clara*,
  136 F. Supp. 3d 1125 (N.D. Cal. 2015) ............................................................15, 16, 18

*Brown v. Brennan*,
  No. 16-CV-06972-EDL, 2017 WL 11713951 (N.D. Cal. May 11, 2017)..............................18

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
  631 F.3d 939 (9th Cir. 2011) ..............................................................................12, 19

*Chavez v. United States*,
  683 F.3d 1102 (9th Cir. 2012) ...................................................................................4

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013)...................................................................................................7

*Clark v. County of Sacramento*,
  No. 2:15-cv-1211 JAM DB PS, 2017 WL 2972449 (E.D. Cal. July 12, 2017).....................18

*Cortez v. City of Porterville*,
  5 F. Supp. 3d 1160 (E.D. Cal. 2014)..........................................................................10

*Crenshaw v. Klamath Cty. Det. Ctr.*,
  No. 1:20-CV-00576-IM, 2020 WL 2858000 (D. Or. June 2, 2020)..........................16, 22, 23

*D.M. v. Or. Scholastic Activities Ass'n*,
  627 F. Supp. 3d 1182 (D. Or. 2022) ..................................................................17, 19, 24

Page iii

*Daubert v. City of Lindsay*,
  37 F. Supp. 3d 1168, 1171 (E.D. Cal. 2014)..................................................................10

*Disabled Patriots of Am., Inc. v. Lane Toledo, Inc.*,
  325 F. Supp. 2d 837 (N.D. Ohio 2004)..........................................................................20

*Doe v. Lombardo*,
  745 F. Supp. 3d 1109 (D. Nev. 2024)............................................................................14

*Duffy v. Riveland*,
  98 F.3d 447 (9th Cir. 1996) ...........................................................................................16

*French v. Idaho State AFL-CIO*,
  164 F. Supp. 3d 1205 (D. Idaho 2016) ..........................................................................18

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
  528 U.S. 167 (2000).........................................................................................................6

*Garland v. Dunkin Donuts LLC*,
  No. 23-cv-06621-SI, 2024 WL 2808653 (N.D. Cal. May 31, 2024)...........................18, 21

*George v. AZ Eagle TT Corp.*,
  961 F. Supp. 2d 971 (D. Ariz. 2013) .............................................................................10

*Glass v. Hillsboro Sch. Dist. 1J*,
  142 F. Supp. 2d 1286 (D. Or. 2001) .......................................................................8, 9, 11

*Hodgers-Durgin v. de la Vina*,
  199 F.3d 1037 (9th Cir. 1999) .........................................................................................6

*Huyn v. Bracamontes*,
  No. 5:16-cv-01457-HRL, 2016 WL 3683048 (N.D. Cal. July 12, 2016).......................8

*J.M. v. Major*,
  No. 6:18-cv-00739-YY 2018 WL 7104882 (D. Or. Oct. 2, 2018) ..................................6

*Jimenez v. Serv. Emps. Int'l Union Loc. 775*,
  590 F. Supp. 3d 1349 (E.D. Wash. 2022), *aff'd*, No. 22-35238, 2023 WL
  6971457 (9th Cir. Oct. 23, 2023) .....................................................................................7

*Kim v. Beaverton Sch. Dist. 48J*,
  No. 3:20-CV-2025-SI, 2021 WL 2188238 (D. Or. May 28, 2021) ............................8, 11, 12

*Kowalski v. Tesmer*,
  543 U.S. 125 (2004)...................................................................................................13, 14

*Lambdin v. Marriott Resorts Hosp. Corp.*,
  No. 14–00345 SOM/KSC, 2015 WL 263569, at *2 ....................................................20, 23

Page iv

*Lee v. State of Or.*,
107 F.3d 1382 (9th Cir. 1997), *as amended* (Mar. 21 and Apr. 16, 1997) ............................15

*Leibel v. City of Buckeye*,
364 F. Supp. 3d 1027 (D. Ariz. 2019) ...................................................................................18

*Leu v. Int'l Boundary Comm'n*,
605 F.3d 693 (9th Cir. 2010) ..................................................................................................6

*Lewis v. Cont'l Bank Corp.*,
494 U.S. 472 (1990)..................................................................................................................5

*Loeffler v. Staten Island Univ. Hosp.*,
582 F.3d 268 (2d Cir. 2009) (Wesley, J., concurring) ............................................................8

*Longariello v. Gompers Rehab. Ctr.*,
No. CV-09-1607-PHX-GMS, 2010 WL 94113 (D. Ariz. Jan. 5, 2010)..................................20

*Longariello v. Phoenix Union High Sch. Dist.*,
No. CV-09-1606-PHX-LOA, 2009 WL 4827014 (D. Ariz. Dec. 15, 2009) ...........................21

*Mayfield v. United States*,
599 F.3d 964 (9th Cir. 2010) ...............................................................................................7, 8

*Micek v. City of Chi.*,
No. 98 C 6757, 1999 WL 966970, at *4 n.7 (N.D. Ill. Oct. 4, 1999) .....................................12

*Moore v. Equity Residential Mgmt., L.L.C.*,
No. 16-CV-07204-MEJ, 2017 WL 2670257 (N.D. Cal. June 21, 2017)............................8, 10

*Murthy v. Missouri*,
603 U.S. 43 (2024)....................................................................................................................7

*Nevarez v. Forty Niners Football Co., LLC*,
No. 16-CV-07013-LHK, 2017 WL 3288634 (N.D. Cal. Aug. 01, 2017)...........................8, 10

*O'Shea v. Littleton*,
414 U.S. 488 (1974)..................................................................................................................6

*Oregon Wild v. Connor*,
No. 6:09-CV-00185-AA, 2012 WL 3756327 (D. Or. Aug. 27, 2012) ......................................5

*Papasan v. Allain*,
478 U.S. 265 (1986)..................................................................................................................5

*Perkins v. Panorama Towers Condo. Complex*,
No. 2:23-cv-01690-CDS-DJA, 2024 WL 2115836 (D. Nev. May 7, 2024)...........................20

Page v

*Pierce v. County of Orange,*
    526 F.3d 1190 (9th Cir. 2008) ........................................................................17

*Pillsbury, Madison & Sutro v. Lerner,*
    31 F.3d 924 (9th Cir. 1994) ............................................................................5

*Popovich v. Cuyahoga Cty. Court of Common Pleas,*
    150 Fed. Appx. 424 (6th Cir. 2005).................................................................12

*Powers v Ohio,*
    499 U.S. 400 (1991)........................................................................................13

*Rohr v. Salt River Project Agric. Improvement & Power Dist.,*
    555 F.3d 850 (9th Cir. 2009) ....................................................................18, 22

*Sanders v. Arneson Prods., Inc.,*
    91 F.3d 1351 (9th Cir. 1996) ..........................................................................20

*Schrader v. Pakseresht,*
    No. 3:22-cv-01957-JR, 2023 WL 2609572 (D. Or. Mar. 23, 2023).......................12

*Shavelson v. Bonta,*
    608 F. Supp. 3d 919 (N.D. Cal. 2022) ............................................................15

*Simenson v. Hoffman,*
    No. 95 C 1401, 1995 WL 631804 (N.D. Ill. Oct. 24, 1995).....................................9

*Smith v. City of Oakland,*
    612 F. Supp. 3d 951 (N.D. Cal. 2020) ............................................................17

*Spencer v. Kemna,*
    523 U.S. 1 (1998)............................................................................................5

*Steel Co. v. Citizens for a Better Env't,*
    523 U.S. 83 (1998) ..........................................................................................6

*Susan B. Anthony List. v. Driehaus,*
    573 U.S. 149 (2014)........................................................................................5

*Sutton v. United Air Lines, Inc.,*
    527 U.S. 471 (1999)........................................................................................18

*Tingley v. Ferguson,*
    557 F. Supp. 3d 1131 (W.D. Wash. 2021), *aff'd*, 47 F.4th 1055 (9th Cir. 2022)....................15

*Twede v. Univ. of Wash.,*
    309 F. Supp. 3d 886 (W.D. Wash. 2018)..........................................................18

Page vi

*Updike v. Multnomah County*,
    870 F.3d 939 (9th Cir. 2017) ...................................................................................17

*Weinreich v. L.A. Cty. Metro. Trans. Auth.*,
    114 F.3d 976 (9th Cir. 1997) ...................................................................................16

*Wheeler v. City of Santa Clara*,
    894 F.3d 1046 (9th Cir. 2018) .................................................................................19

*Wong v. Regents of Univ. of Cal.*,
    192 F.3d 807, 816 n.26 (9th Cir. 1999) .............................................................17, 19

*Wong v. Seattle Sch. Dist. No. 1*,
    No. C16-1774 RAJ, 2018 WL 1035799 (W.D. Wash. Feb. 23, 2018) ................9, 10

*Zaharakis v. Heckler*,
    744 F.2d 711 (9th Cir. 1984) ...................................................................................15

**Statutes**

ORS 475A.205 .............................................................................................................23

ORS 475A.220 .........................................................................................................2, 23

ORS 475A.275 ...............................................................................................................2

ORS 475A.305 ...............................................................................................................2

ORS 475A.325 ...............................................................................................................2

ORS 475A.355 ...............................................................................................................2

ORS 475A.435 ...............................................................................................................2

ORS 475A.498 ...............................................................................................................2

ORS 475A.504 .............................................................................................................23

ORS 475A.718 .............................................................................................................23

**United States Code**

42 U.S.C. § 12102 .............................................................................................18, 20, 21

42 U.S.C. § 12131 .......................................................................................................22

42 U.S.C. § 12132 .................................................................................................. *passim*

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Rules and Regulations**

28 C.F.R. § 35.130 ...................................................................................................................17

Page viii

## CERTIFICATE OF CONFERRAL

Pursuant to L.R. 7-1(a)(1), counsel for Defendants certify that the parties made a good faith effort through conferral to resolve the subject of this motion and have been unable to do so.

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under L.R. 7-2(b) because it contains 8,966 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## MOTION

Pursuant to FRCP 12(c), Defendants move for a judgment on the pleadings on their First Affirmative Defense and Seventh Affirmative Defense.  Taking the well-pleaded allegations in the First Amended Complaint as true, Plaintiffs lack standing to assert their claim, and Plaintiffs fail to state a claim upon which relief can be granted.

## MEMORANDUM OF LAW

### I.    Introduction

Plaintiffs, who are not disabled themselves, bring the remaining claim in this case under the Americans with Disabilities Act ("ADA").  They allege that the Psilocybin Services Act's prohibition on the sale or use of psilocybin outside of licensed service centers violates the rights of individuals with disabilities who desire psilocybin services but are unable to travel to those centers.

Plaintiffs' claim is legally insufficient on its face.  First, Plaintiffs lack standing to assert the ADA claim under three theories: (1) they lack Article III standing because their vague, conclusory allegations of hypothetical future harm are insufficient for prospective relief; (2) they lack "associational standing" because they have not alleged an injury to themselves that is separate and distinct from the harms alleged to disabled individuals; and (3) they lack third-party standing because they fail to specify on whose behalf the ADA claim is brought and fail to allege

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

facts as to why those hypothetical individuals cannot assert their own claims.  Second, Plaintiffs have failed to state a claim under the ADA.  The First Amended Complaint lacks any allegations or clarity about which individuals with disabilities are the subject of this case, what specific disabilities those individuals suffer from, or even what accommodations Plaintiffs are requesting for those individuals.

For the reasons detailed below, Defendants respectfully request that the Court enter judgment in their favor.

## II.    Background

### A.    Oregon's psilocybin services program

The Psilocybin Services Act ("PSA") establishes a regulatory framework for the lawful manufacture, delivery, possession, and use of psilocybin products in the state of Oregon.  ORS 475A.275; *see generally* ORS 475A.210 to 475A.722.  Under the PSA, a client may purchase a psilocybin product at a "psilocybin service center" from a licensed "psilocybin service center operator" and then consume the product under the supervision of a licensed "psilocybin service facilitator."  ORS 475A.220(13)–(15); ORS 475A.305 (service center operator license); ORS 475A.325 (facilitator license); ORS 475A.435(3) (sale must be restricted to the licensed service center).  "A client may purchase, possess, and consume a psilocybin product . . . [o]nly at a psilocybin service center; and . . . [o]nly under the supervision of a psilocybin service facilitator."  ORS 475A.498.

A "psilocybin service facilitator" is "an individual that facilitates the provision of psilocybin services in this state."  ORS 475A.220(15).  Psilocybin services include an "administration session": "a session held at a psilocybin service center at which a client purchases, consumes, and experiences the effects of a psilocybin product under the supervision of a psilocybin service facilitator."  ORS 475A.220(1), (16).  Under the PSA, an administration session "must be held at a psilocybin service center."  ORS 475A.355(2).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**B.**     **Factual background**

The following information is taken from the First Amended Complaint ("FAC" or

"complaint"):

Three of the four Plaintiffs (Jay Cusker, Alison Grayson, and Kathryn Kloos) are licensed

psilocybin service facilitators, who "sue on behalf of themselves and their clients." FAC ¶¶ 10,

12–14. Plaintiff Cusker also has experience as a hospice bereavement counselor, Plaintiff

Grayson is a hospice provider and death doula, and Plaintiff Kloos is a naturopathic physician.

*Id.* ¶¶ 12–14. The fourth Plaintiff, Yolanda Suarez, is a physician who has completed facilitator

training but has not applied for a facilitator license. *Id.* ¶ 15. Plaintiffs "would like to provide

home-based service or other reasonable accommodations to disabled and terminally ill clients."

*Id.* ¶ 5.

Plaintiff Cusker sent a letter to Defendant Oregon Health Authority ("OHA") that

"requested guidance on whether he was permitted to provide reasonable accommodations to

clients who could not travel to licensed service centers without violating the PSA and placing his

facilitator license in jeopardy." *Id.* ¶ 17. Plaintiff Grayson sent a similar letter. *Id.* Plaintiff

Suarez sent a similar letter requesting guidance on whether such accommodations would be

permitted if she were to obtain a facilitator license. *Id.* ¶ 16. OHA sent responses to the letters

from Plaintiffs Cusker and Grayson, stating that under the statutory framework created by the

PSA, there is no legal pathway for psilocybin to be consumed outside of a licensed service

center. *Id.* ¶ 18.

Plaintiffs Cusker, Grayson, and Kloos have each encountered individuals who were

interested in receiving psilocybin services but were unable to travel to a licensed service center

due to their medical condition. *Id.* ¶¶ 12–14. Each of those individuals has passed away. *Id.*

The complaint describes one individual as suffering from metastatic bile duct cancer, another

individual as suffering from an unspecified cancer, and the third individual as suffering from an

unspecified terminal illness. *Id.*

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiffs allege that they "have had, or expect to have in the near future, disabled clients over the age of 21 and otherwise eligible to receive services pursuant to the PSA who require home-based service as a reasonable accommodation for their disabilities." *Id.* ¶ 20.

### C. Plaintiffs' ADA claim

Plaintiffs assert a claim under Title II of the ADA, 42 U.S.C. § 12132. *Id.* ¶¶ 25–29. Plaintiffs claim that Defendants have violated Title II "by refusing to permit the reasonable accommodations necessary to allow individuals with disabilities to access services under the PSA, and by informing licensed facilitators that they are not able to grant such accommodations." *Id.* ¶ 27.

Plaintiffs seek an order that "[d]eclares Defendants have violated 42 U.S.C. § 12132 by refusing to permit the reasonable accommodation necessary to allow individuals with disabilities who require such accommodation to access services under the PSA;" "[r]equires Defendants to allow facilitators licensed under the PSA to provide reasonable accommodations when necessary to allow disabled individuals access to psilocybin services, and to notify all licensed facilitators that such accommodations are permitted;" and "[p]rohibits Defendants from taking any disciplinary or other adverse action against any facilitator licensed under the PSA solely on account of the facilitator's provision of reasonable accommodation to an individual whose disability requires this." *Id.* ¶ 28.

## III. Legal Standard

FRCP 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—any party may move for judgment on the pleadings." The standard for assessing a Rule 12(c) motion is "substantially identical" to the standard for a Rule 12(b)(6) motion to dismiss: a court "must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) . Additionally, "[a] challenge to subject matter jurisdiction, normally brought pursuant to Rule 12(b)(1) before filing an answer, is allowed under Rule 12(c).  In such circumstances, the

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

standard for judgment on the pleadings is the same as for a motion to dismiss pursuant to Rule 12(b)(1)." *Oregon Wild v. Connor*, No. 6:09-CV-00185-AA, 2012 WL 3756327, at *1 (D. Or. Aug. 27, 2012) (internal citation omitted).

In considering a motion for judgment on the pleadings, a court must accept as true all material, well-pleaded allegations in the pleading and must construe those allegations in the light most favorable to the non-moving party. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To assess the adequacy of a complaint, a court may first begin by identifying those pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

## IV.    Argument

### A.    Plaintiffs lack Article III standing.

Article III of the U.S. Constitution requires that a case continues to present a case or controversy for its entire duration. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." (internal quotation marks omitted) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990))). "The doctrine of standing gives meaning to these constitutional limits by identify[ing] those disputes which are appropriately resolved through the judicial process [and] serves to prevent the judicial process from being used to usurp the powers of the political branches." *Susan B. Anthony List. v. Driehaus*, 573 U.S. 149, 157 (2014) (internal quotation marks and citations omitted).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

To satisfy Article III standing, Plaintiffs have the burden of showing: (1) that they have suffered an injury in fact, (2) which is fairly traceable to the challenged actions of the defendants, and (3) which is likely to be redressed by a favorable decision by the Court. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). To have standing to seek injunctive and declaratory relief, Plaintiffs must further show that there is a "sufficient likelihood that [they] will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (internal citations omitted). Neither injunctive nor declaratory relief may be premised on past injury. *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); *Leu v. Int'l Boundary Comm'n*, 605 F.3d 693, 694 (9th Cir. 2010). Furthermore, "plaintiffs must establish that they are individually entitled to seek injunctive relief before they may obtain system-wide injunctive relief." *J.M. v. Major*, No. 6:18-cv-00739-YY 2018 WL 7104882, at *6 (D. Or. Oct. 2, 2018) (citing *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999)).

Here, Plaintiffs allege only past harms, and the allegations of future harm are speculative and insufficient to serve as the basis for declaratory or injunctive relief. The injuries Plaintiffs allege are: "lost income as a result of their inability to provide services to clients who were qualified for, interested in, and willing to pay for psilocybin services" (Plaintiffs Cusker, Grayson, and Kloos); "expenses on completing the facilitator licensing training program" (Plaintiff Suarez);[1] and "frustration and emotional distress" (all Plaintiffs). FAC ¶¶ 21–22. Plaintiffs do not seek any relief (i.e., monetary damages) to remedy these alleged past harms. *See Leu*, 605 F.3d at 694 (holding that declaratory relief only for past injuries fails to satisfy the redressability requirement for standing because such relief amounts to mere "psychic satisfaction" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 106–07 (1998))).

Instead, Plaintiffs request only prospective relief. They seek a declaration that "Defendants have violated 42 U.S.C. § 12132 by refusing to permit the reasonable

---

[1] Plaintiff Suarez fails to allege how this harm was caused by either Defendant and therefore also fails to establish the traceability requirement for Article III standing.

accommodation necessary to allow individuals with disabilities who require such accommodation to access services under the PSA." FAC ¶ 28(a). They also seek injunctive relief that (1) "[r]equires Defendants to allow facilitators licensed under the PSA to provide reasonable accommodations when necessary to allow disabled individuals access to psilocybin services" and (2) "[p]rohibits Defendants from taking any disciplinary or other adverse action against any facilitator licensed under the PSA solely on account of the facilitator's provision of reasonable accommodation to an individual whose disability requires this." *Id*. ¶ 28(b), (c).

Plaintiffs' allegations of hypothetical future harm are too speculative to constitute an injury in fact or to serve as the basis for injunctive relief. *See Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) ("Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects. Nor does speculation or subjective apprehension about future harm support standing." (internal quotation marks and citations omitted)). As it relates to future conduct, Plaintiffs allege that they "expect to have in the near future[] disabled clients over the age of 21 and otherwise eligible to receive services pursuant to the PSA who require home-based services as a reasonable accommodation for their disabilities." FAC ¶ 20. This conclusory allegation fails to make the requisite showing that any threat of alleged future harm is "certainly impending" or that there is a "substantial risk" of the alleged harm continuing into the future. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 414 n.5 (2013); *see also Murthy v. Missouri*, 603 U.S. 43, 58 (2024) (to request "forward-looking relief, [plaintiffs] must face a real and immediate threat of repeated injury") (internal quotation marks and citation omitted)). The Court lacks any meaningful information about Plaintiffs' "expect[ations]," including when they expect to interact with these future clients, how many clients there might be, or what specific disabilities those clients might have. All Plaintiffs have offered is speculation about potential unidentified future clients and the disabilities and needs of those clients. *See Jimenez v. Serv. Emps. Int'l Union Loc. 775*, 590 F. Supp. 3d 1349, 1357 (E.D. Wash. 2022), *aff'd*, No. 22-35238, 2023 WL 6971457 (9th Cir. Oct.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

23, 2023) ("Declaratory relief requires *evidence* that the declaration sought will remedy the alleged harm." (emphasis added) (citing *Mayfield*, 599 F.3d at 971–72)).  Plaintiffs have failed to establish standing for declaratory and injunctive relief for themselves and for the system-wide relief they seek.  The Court, therefore, lacks jurisdiction over this matter and should enter judgment in Defendants' favor.

## B.    Plaintiffs lack standing under this Court's "associational standing" doctrine.

Plaintiffs make no allegations that they themselves suffer from any disabilities. Therefore, in order to proceed under Title II of the ADA, Plaintiffs must have "associational standing."  The associational standing doctrine, where it is recognized, permits a nondisabled plaintiff to bring ADA claims to recover for injuries suffered via the plaintiff's association with a disabled person who suffered discrimination in violation of the ADA.  *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 279 (2d Cir. 2009) (Wesley, J., concurring) (describing the doctrine).  District courts within the Ninth Circuit, including this Court, have accepted an associational standing approach to claims brought under the ADA.  *See e.g., Kim v. Beaverton Sch. Dist. 48J*, No. 3:20-CV-2025-SI, 2021 WL 2188238, at *8 (D. Or. May 28, 2021); *Moore v. Equity Residential Mgmt., L.L.C.*, No. 16-CV-07204-MEJ, 2017 WL 2670257, at *4 (N.D. Cal. June 21, 2017).  An associational discrimination claim requires the plaintiff to have suffered a "specific, direct, and separate injury" independent of the injury suffered by his disabled associate.[2]  *Kim,* 2021 WL 2188238, at *8 (emphasis omitted) (citing *Glass v. Hillsboro Sch. Dist. 1J*, 142 F. Supp. 2d 1286, 1289 (D. Or. 2001)).  Plaintiffs have made no such showing here.

---

[2] As one court has correctly noted, the district courts "have not been consistent in discussing whether the 'specific, direct, and separate' injury requirement is a component of Article III standing, or whether it is relevant to determining whether the plaintiff has adequately alleged an associational discrimination claim under the statute.  *Compare Glass*, 142 F. Supp. 2d 1285, 1288 (discussing the 'specific, direct, and separate' injury requirement as a 'prudential' standing component of Article III), *with Huyn v. Bracamontes*, [No. 5:16-cv-01457-HRL,] 2016 WL 3683048 (N.D. Cal. July 12, 2016) (discussing 'specific, direct, and separate injury' inquiry in deciding whether plaintiff alleged an associational discrimination claim under the statute, rather than as a component of Article III)." *See Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-07013-LHK, 2017 WL 3288634, at *5 n.5 (N.D. Cal. Aug. 01, 2017).  Defendants, therefore,

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

1.        **The distinction between separate and derivative injuries.**

The cases exploring associational standing often turn on the "distinction between a separate, direct injury, which is actionable, and a derivative-type injury, which is not." *See Glass*, 142 F. Supp. 2d at 1290.  A review of decisions from the district courts within the Ninth Circuit provides helpful guidance as to the line of demarcation between separate and derivative injuries.

In *Glass*, the plaintiffs alleged that the defendant violated the ADA by refusing to provide their autism consultants with the same type of access to special education classrooms as the defendant allowed in regular education classrooms.  *Id.* at 1287.  In assessing whether the plaintiffs had standing to pursue their claims, the court borrowed an analogy from *Simenson v. Hoffman*, No. 95 C 1401, 1995 WL 631804 (N.D. Ill. Oct. 24, 1995).  The court explained that:

> Everyone, generally, has the right to go into a movie theater.  If a non-disabled companion is excluded from the theater because of his or her association with a disabled individual (for example, no room in the theater for wheelchairs), then the non-disabled companion suffers direct harm to his or her own independent right to be in the theater because of association with a disabled person.

*Glass*, 142 F. Supp. 2d at 1291–92.  The court concluded that the plaintiffs had not alleged they had an independent right to the defendant's services: "the parents have not alleged any separate and distinct denial of services to them, apart from their role as parents of children enrolled or proposed to be enrolled in defendant's programs." *Id*. at 1292.  Thus, the court held that the plaintiffs had alleged a *derivative* injury and did not have a valid associational discrimination claim.  *Id*.

The court reached a similar conclusion in *Wong v. Seattle School District No. 1*, No. C16-1774 RAJ, 2018 WL 1035799 (W.D. Wash. Feb. 23, 2018).  There, the plaintiffs alleged that the defendant violated the ADA by excluding their disabled child from public school, which caused them to incur the expenses of enrolling their child in a private school and suffer emotional harm.

---

offer these arguments under whichever analysis—Article III, prudential standing, or statutory standing—this Court finds most appropriate.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Id.* at *1. The court concluded that the plaintiffs had failed to allege a separate injury because they had "not allege[d] that they were excluded or discriminated against separately or independently from the actions taken toward their child." *Id.* at *3. Thus, the court held that the economic injuries alleged by the plaintiffs were derivative injuries and did not support a valid associational discrimination claim. *Id.*

On the other hand, district courts have found that plaintiffs have alleged a *separate injury* in several cases. In *Daubert v. City of Lindsay*, the plaintiff alleged that the defendant violated the ADA by owning, controlling, and maintaining a city park with sandy pedestrian paths. 37 F. Supp. 3d 1168, 1171 (E.D. Cal. 2014). The plaintiff alleged that he had "significant difficult[ies] navigating his granddaughter's wheelchair along the pedestrian paths and accessing the [p]ark's facilities," which denied him full and equal access to the programs, services, and activities the park offered to the general public. *Id.* at 1172. The court concluded that the plaintiff's alleged injuries to himself and his granddaughter—that the park's facilities caused them to "experience difficulty and feel anxious, embarrassed, conspicuous, unwelcomed, and like second class citizens"—were separate injuries. *Id.* at 1176.

Courts have concluded that plaintiffs alleged separate injuries in other cases with facts similar to *Daubert*, namely where the defendant allegedly operated a facility that was inaccessible to a disabled relative. *See e.g.*, *George v. AZ Eagle TT Corp.*, 961 F. Supp. 2d 971 (D. Ariz. 2013) (non-disabled father could not access shopping center with his disabled son due to lack of wheelchair access); *Cortez v. City of Porterville*, 5 F. Supp. 3d 1160 (E.D. Cal. 2014) (non-disabled grandfather could not access sports complex with his disabled granddaughter); *Nevarez*, 2017 WL 3288634 at *3 (non-disabled wife could not access and enjoy the stadium with her disabled husband because of the stadium's architectural barriers). Courts have also concluded that plaintiffs have alleged a separate injury in two other instances. *See Moore*, 2017 WL 2670257 (broken elevator in defendant's building caused disabled husband to relocate to a hotel and caused non-disabled wife to travel between the building and the hotel to retrieve items

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

for her husband); *Kim*, 2021 WL 2188238 (school district caused child to wait longer to be picked up after school and disenrolled her because of her association with a disabled parent).

### 2. Plaintiffs have alleged a derivate injury, not a separate injury.

Plaintiffs do not allege a separate denial of services independent of the alleged discrimination to their clients. Their alleged injury is "being unable to provide services to disabled clients who require a reasonable accommodation of home-based service." FAC ¶ 21. They allege that, because the PSA only allows for the purchase and consumption of psilocybin at licensed service centers, they "cannot provide clients who need such accommodation with psilocybin services." *Id.* ¶ 20.

None of the Plaintiffs alleges a separate injury to establish associational standing under the ADA. The three Plaintiffs who are licensed facilitators—Cusker, Grayson, and Kloos— allege injuries indistinguishable from the harm allegedly caused to their clients. *See id.* ¶ 12 (Plaintiff Cusker's alleged harm of "not [being] able to provide psilocybin services to clients whose medical condition prevents them from traveling to a licensed service center"); *id.* ¶ 13 ("Due to the restrictions of the PSA, Plaintiff Grayson is not able to provide psilocybin services to clients whose medical condition prevents them from traveling to a licensed service center."); *id.* ¶ 14 (describing that Plaintiff Kloos was "involved with the care of a hospice patient dying of terminal illness" who "could not receive psilocybin services from Plaintiff Kloos or any other licensed facilitator"). All four Plaintiffs—including Plaintiff Suarez, who is not a licensed facilitator—similarly allege that they suffer an injury "by being unable to provide services to disabled clients who require a reasonable accommodation of home-based service." *Id.* ¶ 21. These alleged harms, which are not independent from the harms alleged to their disabled clients or potential disabled clients, are akin to the harms the court rejected in *Glass* as being insufficient for associational standing. This Court should reach the same conclusion.

Plaintiffs also allege that Cusker, Grayson, and Kloos "have incurred lost income as a result of their inability to provide services to clients who were qualified for, interested in, and

Page 11 -  DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

willing to pay for psilocybin services, but whose disabilities prevented them from traveling to service centers." *Id.* ¶ 21. Plaintiffs allege that Suarez "has been damaged through the incurring of expenses on completing the facilitator licensing training program." *Id.* However, this Court has expressly held that injuries which are "financial in nature . . . do[] not typically fall within the purview of the . . . ADA." *See Schrader v. Pakseresht*, No. 3:22-cv-01957-JR, 2023 WL 2609572, at *5 n.3 (D. Or. Mar. 23, 2023); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (noting that the injury the ADA is designed to prevent is "discrimination"). That holding is supported by other district courts which have specifically addressed the question. *See, e.g.*, *Autism Soc'y of Mich. v. Fuller*, No. 05:05-CV-73, 2006 WL 1519966, at *16 (W.D. Mich. May 26, 2006) (organization's allegation that it "had to expend resources" to address alleged ADA violation was insufficient to establish standing because the organization was not "discriminated against or denied a benefit conferred by the ADA . . . because of its association with a qualified individual with a disability"); *Micek v. City of Chi.*, No. 98 C 6757, 1999 WL 966970, at *4 n.7 (N.D. Ill. Oct. 4, 1999) (rejecting plaintiff's injury of suffering an economic harm in the form of inferior insurance benefits because that type of "loss . . . does not appear to constitute the type of injury recognized by courts permitting an associational discrimination claim to stand"). Similarly, Plaintiffs' allegations that they have suffered "frustration and emotional distress" is insufficient to serve as a basis for standing in the ADA context. *See FAC* ¶ 22; *see also Popovich v. Cuyahoga Cty. Court of Common Pleas*, 150 Fed. Appx. 424, 427 (6th Cir. 2005) (holding that daughter's alleged loss of her father's companionship during custody proceedings did not constitute an "ADA injury" because "her association with her father did not result in her exclusion from the custody proceedings"); *see also Kim*, 2021 WL 2188238, at *8 (noting that "threadbare allegation[s] of emotional distress" are insufficient to allege an injury in the context of the ADA).

Plaintiffs have failed to demonstrate that they have suffered the requisite "separate and distinct" injury necessary to establish associational standing under the ADA. The Court,

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

therefore, lacks jurisdiction over Plaintiffs' ADA claim and Defendants are entitled to judgment in their favor.

### C.  Plaintiffs lack third-party standing.

Plaintiffs' assertion that they "have third-party standing to bring their [ADA] claim on behalf of their clients" lacks merit.  *See* FAC ¶ 23.

Courts "adhere[] to the rule that a party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (internal quotation marks omitted).  "This rule assumes that the party with the right has the appropriate incentive to challenge (or not challenge) governmental action and to do so with the necessary zeal and appropriate presentation."  *Id*. Under the rare exception within the third-party standing doctrine, a plaintiff may establish standing by demonstrating (1) they have suffered an injury giving them a "sufficiently concrete interest" in the issue in dispute; (2) they have a "close relation" with the person who possesses the right they intend to vindicate; and (3) a "hindrance to the third party's ability to protect his or her own interest."  *Powers v Ohio*, 499 U.S. 400, 411 (1991); *see also Kowalski*, 543 U.S. at 129–30.  No factor is met here.

First, as discussed above, whether this Court analyzes injury using traditional Article III considerations or its associational standing doctrine, Plaintiffs have failed to establish a cognizable injury.  *See supra* §§ IV.A, IV.B.

Second, the complaint is bereft of specific allegations as to whose rights Plaintiffs seek to assert.  In their professional capacities outside of their licensed facilitator roles as, respectively, a hospice bereavement counselor, hospice provider, and Naturopathic Physician Plaintiffs Cusker, Grayson, and Kloos allege working with individual hospice patients in the past who were interested in accessing psilocybin services but could not travel to a licensed service center.[3]  *See*

---

[3] As to Plaintiff Suarez: Plaintiffs allege that only "Plaintiffs Cusker, Grayson, and Kloos sue on behalf of themselves and their clients [and that] [t]here is a close relationship between Plaintiffs

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

FAC ¶¶ 12–14.  These three Plaintiffs allege they "seek to protect the interests of disabled and/or terminally ill clients whose disability and/or illness is a hindrance to their ability to protect their own interest."  *Id.* ¶ 10; *see also id.* ¶ 23 ("Plaintiffs . . . bring the claim on behalf of their clients whose medical conditions prevent them from protecting their own interests through litigation.").  These descriptions merely recite the legal test for third-party standing and offer the Court no insight as to the actual category of persons these Plaintiffs seek to represent.  This "and/or" formulation of a category of third parties is vague, internally inconsistent, and, as described below, fatal to Plaintiffs' attempt to state a cognizable ADA claim.  *See* infra § IV.D.  Additionally, Plaintiffs' attempt to establish third-party standing based on hypothetical future clients has been rejected.  In *Kowalski*, the Supreme Court held that attorneys did not have third-party standing to bring a claim on behalf of future, unascertained clients because the attorneys "d[id] not have a 'close relationship' with their alleged 'clients'; indeed, they ha[d] no relationship at all." 543 U.S. at 131; *see also Doe v. Lombardo*, 745 F. Supp. 3d 1109, 1123 (D. Nev. 2024) (rejecting plaintiff's attempt to assert standing on behalf of "all people currently being sex trafficked within legal brothels in Nevada jurisdictions which permit prostitution" because the category was "expansive" and the court could not "reasonably treat the individuals in the category as similarly situated").

Finally, even if the Court were to find that Plaintiffs have established close relationships with hypothetical future clients, Plaintiffs have failed to demonstrate that those clients are unable to represent their own interests.  Plaintiffs assert that these unidentified clients are "terminally ill and unable to participate in protracted litigation." FAC ¶ 23.  As noted above and described in

---

Cusker, Grayson, and Kloos and their respective clients." FAC ¶ 10.  The complaint does not appear to allege that Plaintiff Suarez sues on behalf of anyone other than herself.  *See id.*  At one point, the complaint asserts generally that "Plaintiffs . . . bring the claim on behalf of their clients." *Id.* ¶ 23.  But this appears to refer to the clients of the Plaintiffs who are licensed facilitators; the complaint does not allege that Suarez has or has had any psilocybin services clients.  Further, the complaint makes no allegations that any patients Suarez is associated with in her professional capacity seek access to psilocybin services.  *See id.* ¶ 15.  Thus, to the extent the complaint asserts that Suarez has standing to assert third parties' rights, the allegations as to those third parties are even more insufficient than as to the licensed facilitator Plaintiffs' clients.

S6M/sv3/995283173

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

detail below, Plaintiffs have failed to identify the specific individuals with disabilities who would benefit from this Court's ruling or whose interests they attempt to assert. Similarly, they have failed to allege what specific hurdles those individuals face. The fact that individuals are disabled or have terminal illnesses, without more detail, is insufficient to demonstrate hindrance. Disabled individuals and those with terminal illnesses routinely appear as plaintiffs in litigation to assert their rights in a variety of contexts, including ADA challenges. *See e.g.*, *Zaharakis v. Heckler*, 744 F.2d 711, 712 (9th Cir. 1984) (terminally ill leukemia plaintiff brought claim regarding Supplemental Security Income benefits); *Lee v. State of Or.*, 107 F.3d 1382, 1386 (9th Cir. 1997), *as amended* (Mar. 21 and Apr. 16, 1997) (terminally ill plaintiffs challenging Oregon's assisted suicide legislation); *Shavelson v. Bonta*, 608 F. Supp. 3d 919, 923 (N.D. Cal. 2022) (terminally ill plaintiff challenging California's aid-in-dying legislation). Plaintiffs' "assertion that [their unidentified future clients] may be hindered in their ability to protect their own interests . . . is speculative" and insufficient to establish third-party standing. *See Tingley v. Ferguson*, 557 F. Supp. 3d 1131, 1138 (W.D. Wash. 2021), *aff'd*, 47 F.4th 1055 (9th Cir. 2022).

Plaintiffs have therefore failed to establish any of the factors for third-party standing.

### D. Plaintiffs fail to state an ADA claim, because they do not specify a qualified individual with a disability or the accommodation sought for such individual.

Plaintiffs claim that Defendants violate Title II of the ADA by refusing to permit reasonable accommodations for individuals with disabilities seeking psilocybin services. FAC ¶¶ 5–7, 27. But to state a claim for denial of a reasonable accommodation for a qualified individual with a disability, the plaintiff must "plead the disability with some factual specificity." *Bresaz v. County of Santa Clara*, 136 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015). Plaintiffs have not done so here. The complaint does not identify any individual who is seeking or will seek psilocybin services. Nor does the complaint identify the disability or disabilities that the hypothetical clients will have. Rather, the complaint broadly seeks to require Defendants to allow in-home psilocybin services, or "other reasonable accommodations," for unspecified individuals with unspecified disabilities, "when necessary to allow disabled individuals access to

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

psilocybin services." FAC ¶¶ 5, 28(b). As explained below, those open-ended allegations do not enable this Court to engage in the "individualized" inquiries necessary to determine whether any of Plaintiffs' potential clients is a "qualified individual with a disability" within the meaning of the ADA or whether in-home service, or any other accommodation, would be a "reasonable accommodation" in light of the individual's circumstances. The complaint therefore fails to state a claim.

> **1. To state an ADA claim for failure to accommodate a qualified individual with a disability, a complaint must allege specific facts about the individual's disability.**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "In order to state a claim of disability discrimination under Title II, including a reasonable accommodation claim, a plaintiff must allege that: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Bresaz*, 136 F. Supp. 3d at 1132 (citing *Weinreich v. L.A. Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)). A plaintiff must allege "facts to support a reasonable inference" as to each of those elements, including that the individual has a "disability" and is "qualified" within the meaning of the ADA. *Crenshaw v. Klamath Cty. Det. Ctr.*, No. 1:20-CV-00576-IM, 2020 WL 2858000, at *2 (D. Or. June 2, 2020) (citing *Duffy v. Riveland*, 98 F.3d 447, 455 (9th Cir. 1996)). A plaintiff "must plead the disability with some factual specificity." *Bresaz*, 136 F. Supp. 3d at 1136.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

A "failure to provide reasonable accommodation can constitute discrimination." *Updike v. Multnomah County*, 870 F.3d 939, 951 (9th Cir. 2017).[4]  A plaintiff "must demonstrate 'the existence of a reasonable accommodation' that would enable [the individual] to participate in the activity at issue." *D.M. v. Or. Scholastic Activities Ass'n*, 627 F. Supp. 3d 1182, 1186 (D. Or. 2022) (quoting *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008)).

Here, Plaintiffs claim that Defendants violate Title II by "refusing to permit the reasonable accommodations necessary to allow individuals with disabilities to access services under the PSA."  FAC ¶ 27.  The complaint does not allege that Plaintiffs themselves have disabilities or that Plaintiffs themselves have been denied access to services.  Instead, Plaintiffs claim that Defendants have refused to allow accommodations for "disabled clients . . . who require home-based service as a reasonable accommodation for their disabilities."  FAC ¶ 20.  To state such a claim, Plaintiffs must allege specific facts to support a reasonable inference that those individuals seeking psilocybin services are individuals with a "disability" for ADA purposes and that they are otherwise "qualified" to receive psilocybin services.  *See* 42 U.S.C. § 12132.  Plaintiffs have not done so.  The complaint does not identify any "individual" to whom Plaintiffs seek to provide psilocybin services, let alone allege facts supporting any inference that any such individual has a "disability" or is "qualified" within the meaning of the ADA.  *See id.*

### 2. The complaint does not identify any individual with a disability who is currently seeking or will soon seek psilocybin services.

Title II of the ADA protects "qualified individual[s] with a disability."  42 U.S.C. § 12132.  "The [ADA's] definition of disability . . . requires that disabilities be evaluated 'with

---

[4] Regulations under Title II use the term "reasonable modification," while other sections of the ADA use the term "reasonable accommodation"; "the Ninth Circuit has held that the 'reasonable accommodation' standard of Title I does not differ from the 'reasonable modification' standard of Titles II and III and thus uses the terms 'interchangeably.'"  *Smith v. City of Oakland*, 612 F. Supp. 3d 951, 966 n.8 (N.D. Cal. 2020) (citing *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 816 n.26 (9th Cir. 1999)); *see* 28 C.F.R. § 35.130(b)(7)(i) ("A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.").

Page 17 -  DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

respect to an individual' and be determined based on whether an impairment substantially limits the 'major life activities of such individual.'" *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483 (1999) (quoting 42 U.S.C. § 12102).[5] "Thus, whether a person has a disability under the ADA is an individualized inquiry." *Id.*; *see also Rohr v. Salt River Project Agric. Improvement & Power Dist.*, 555 F.3d 850, 858, 861–62 (9th Cir. 2009) (recognizing that *Sutton* was superseded on other grounds by the ADA Amendments Act of 2008, while reaffirming that a disability determination requires an "individualized inquiry"); *accord Garland v. Dunkin Donuts LLC*, No. 23-cv-06621-SI, 2024 WL 2808653 (N.D. Cal. May 31, 2024).

To enable that individualized inquiry, "courts have generally required [plaintiffs] to plead the disability with some factual specificity." *Bresaz*, 136 F. Supp. 3d at 1136 (collecting cases); *accord Twede v. Univ. of Wash.*, 309 F. Supp. 3d 886, 899 (W.D. Wash. 2018); *Leibel v. City of Buckeye*, 364 F. Supp. 3d 1027, 1041 (D. Ariz. 2019); *French v. Idaho State AFL-CIO*, 164 F. Supp. 3d 1205, 1218 (D. Idaho 2016). A complaint must contain "facts"—not "vague assertions"—"specif[ying] the nature or extent of [the] disabilit[y]." *French*, 164 F. Supp. 3d at 1218. "To adequately allege an actual disability under the ADA, a plaintiff must allege two elements: (1) a physical or mental impairment; and (2) that such impairment substantially limits one or more major life activities." *Clark v. County of Sacramento*, No. 2:15-cv-1211 JAM DB PS, 2017 WL 2972449, at *3 (E.D. Cal. July 12, 2017) (internal quotation marks and ellipses omitted). If a complaint fails to allege sufficient facts to meet both those elements, it fails to state a claim. *See, e.g.*, *Bresaz*, 136 F. Supp. 3d at 1135–36 (plaintiff's allegations about a single, isolated episode of mental illness did not amount to a "physical or mental impairment" as defined by the ADA); *Brown v. Brennan*, No. 16-CV-06972-EDL, 2017 WL 11713951, at *3–4

---

[5] *See* 42 U.S.C. § 12102(1) ("The term 'disability' means, *with respect to an individual*— (A) a physical or mental impairment that substantially limits one or more major life activities *of such individual*; (B) a record of such an impairment; or (C) being regarded as having such an impairment." (emphasis added)).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(N.D. Cal. May 11, 2017) (plaintiff failed to sufficiently allege how her disability "impaired major life activities").

Here, the complaint not only fails to plead any disability with factual specificity, it also fails to specify an "individual" with a disability in the first place. *See* 42 U.S.C. § 12132. The complaint does not identify or refer to any specific person to whom Plaintiffs seek to provide psilocybin services. Instead, the complaint makes broad assertions about persons whom Plaintiffs "expect to have" as clients in the future. FAC ¶ 20. Without specific allegations about an individual's disability, "the court cannot make a determination as to whether [an individual] is disabled pursuant to the ADA." *Bell v. Univ. of Cal. Davis Med. Ctr.*, No. 2:11-cv-1864 MCE AC PS, 2013 WL 1896318, at *4 (E.D. Cal. May 6, 2013). Nor can this Court determine whether the accommodation of in-home service would be a "reasonable" one, in light of the individual's circumstances, when no individual is specified. *See D.M.*, 627 F. Supp. 3d at 1186 ("The reasonableness determination is a fact-specific, case-by-case inquiry based on the disabled individual's circumstances and the accommodations sought." (citing *Regents of Univ. of Cal.*, 192 F.3d at 818)).

Instead of identifying individuals to whom Plaintiffs seek to provide services, the complaint refers to deceased individuals who expressed interest in receiving psilocybin services in the past. FAC ¶¶ 12–14. Plaintiffs do not and cannot seek relief on behalf of those individuals, who could not benefit from any injunctive relief sought.[6] Moreover, Plaintiffs do not allege that their current or future clients have or will have any of the same conditions or disabilities as their past clients. Therefore, even if Plaintiffs could allege sufficiently specific facts about past clients—which they have not done—those allegations would not support the open-ended ADA claim that Plaintiffs assert here. *Cf. Chapman*, 631 F.3d at 947 n.4 ("[A]

---

[6] *See Blake v. Southcoast Health System, Inc.*, 145 F. Supp. 2d 126, 137 (D. Mass. 2001) (holding that decedent's estate lacked standing to sue for injunctive relief under the ADA because there was no further threatened harm to decedent); *see also Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1057 (9th Cir. 2018) (holding that a plaintiff could not bring an ADA claim on behalf of a deceased individual when he had no legal relationship to the decedent).

Page 19 -  DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

plaintiff's standing to claim an ADA violation is necessarily linked to the nature of his disability."); *Disabled Patriots of Am., Inc. v. Lane Toledo, Inc.*, 325 F. Supp. 2d 837, 841 (N.D. Ohio 2004) (organizational plaintiff lacked standing to bring ADA claims for injunctive relief "other than those rooted in [the individual member plaintiff's] adverse experience").

As for Plaintiffs' hypothetical future clients, the complaint even suggests that some of those clients might not have disabilities at all.  Plaintiffs assert that "Plaintiffs Cusker, Grayson, and Kloos seek to protect the interests of disabled *and/or* terminally ill clients whose disability *and/or* illness is a hindrance to their ability to protect their own interests."  FAC ¶ 10 (emphases added).  To the extent that Plaintiffs' claim extends to accommodations for clients with illnesses that are not disabilities within the meaning of the ADA, the ADA does not support such a claim. *See Lambdin v. Marriott Resorts Hosp. Corp.*, No. 14–00345 SOM/KSC, 2015 WL 263569, at *2 (citing *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 n.2 (9th Cir. 1996)) ("Having been injured or living with an impairment does not necessarily guarantee that one is protected by the ADA.").

To the extent that Plaintiffs' claim is limited to clients with disabilities, the complaint does not limit itself to any particular disability.  Plaintiffs do not allege that their potential clients will have any particular "physical or mental impairment."  *See* 42 U.S.C. § 12102(1)(A). Instead, the complaint generally asserts that Plaintiffs expect to have clients who are "disabled." FAC ¶ 20.  Such descriptions are conclusory.  "Merely labeling [an individual] as 'disabled' in the Complaint is insufficient to explain what physical or mental disability [the individual] has." *Longariello v. Gompers Rehab. Ctr.*, No. CV-09-1607-PHX-GMS, 2010 WL 94113, at *3 (D. Ariz. Jan. 5, 2010).  The complaint's assertion that "many of [the clients] are terminally ill" is likewise conclusory.  *See* FAC ¶ 23.  Such assertions are not specific to any illness, let alone to any individual.  *See Perkins v. Panorama Towers Condo. Complex*, No. 2:23-cv-01690-CDS-DJA, 2024 WL 2115836, at *5 n.13 (D. Nev. May 7, 2024) ("While [plaintiff] does allege he is suffering from a terminal illness . . . , this conclusory allegation alone cannot give rise to an

Page 20 -  DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
S6M/sv3/995283173

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ADA claim.").  Moreover, the claim is not limited to clients with terminal illnesses but rather extends more broadly to clients with unspecified "disabilities"—or "disabilit[ies] and/or illness[es]."  *See* FAC ¶¶ 10, 20.  Such open-ended allegations, which "fail[] to identify the nature of the impairment" at issue, cannot support an ADA claim.  *See Longariello v. Phoenix Union High Sch. Dist.*, No. CV-09-1606-PHX-LOA, 2009 WL 4827014, at *5 (D. Ariz. Dec. 15, 2009).

The complaint also fails to allege facts specifying how any potential client's impairment "substantially limits one or more major life activities of such individual."  *See* 42 U.S.C. § 12102(1)(A).  Even if the complaint were to identify the nature of the impairment, it would also have to "explain how [Plaintiffs' potential clients] themselves are impacted by their [impairment]."  *Garland*, 2024 WL 2808653, at *7.  Plaintiffs cannot "rely[] on generic descriptions of what [a particular impairment] could do to a hypothetical individual."  *Id.*  Here, the complaint relies on generic descriptions of the impacts of unspecified impairments.  The complaint asserts that unspecified individuals with unspecified illnesses are "homebound," or that an unspecified condition "prevents them from travelling to a licensed service center."  FAC ¶¶ 4, 19, 21.  Those generic descriptions do not amount to facts about the impact of any particular condition, let alone the impact on any particular individual.  *See Garland*, 2024 WL 2808653, at *7–8 (allegations "describ[ing] what lactose intolerance is and how it affects people generally" were insufficient to plausibly allege that the plaintiffs were disabled).

The complaint, therefore, provides no clear definition or scope of any disabilities.  To the extent that the complaint suggests any limit to the range of disabilities at issue, it does so in conclusory terms.  Rather than alleging facts about the nature or extent of any particular disability, the complaint defines the disability in terms of the accommodation needed.  Plaintiffs' claim extends to any and all potential clients whose unspecified condition "prevents them from traveling to a licensed service center" and who therefore "require home-based service as a reasonable accommodation."  FAC ¶ 19–20.  Thus, the complaint starts from conclusions,

Page 21 -  DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

bypassing the "individualized inquiry" necessary to reach such conclusions. *See Rohr*, 555 F.3d at 858.

Furthermore, even as the complaint appears to define the disability in terms of a need for home-based psilocybin services, the complaint is ambiguous about whether Plaintiffs' potential future clients will need home-based service at all. Plaintiffs allege that they "would like to provide home-based service *or other reasonable accommodations* . . . when necessary, as a reasonable accommodation under the PSA." FAC ¶ 5 (emphasis added). The complaint does not explain what other accommodations might be needed or reasonable for those individuals. That ambiguity makes the nature of the disability even less clear.

Because the complaint does not identify any individual with a disability for whom accommodations are sought—and does not identify the disability or disabilities to be accommodated—it fails to state an ADA claim.

### 3. The complaint does not allege facts to support an inference that Plaintiffs' unspecified potential clients will be otherwise qualified to receive psilocybin services.

In addition to specifying the nature of the disability, a complaint must "contain[] facts to support a reasonable inference" that the individual is a "qualified" individual with a disability. *Crenshaw*, 2020 WL 2858000, at *2. An individual is "qualified" if that individual, "'with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.'" *Id.* (quoting 42 U.S.C. § 12131(2)). Like the allegations about the disability itself, allegations that an individual is "qualified" must be based on "facts"—"'labels and conclusions'" are not enough. *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Here, the complaint does not allege facts to support an inference that any of Plaintiffs' hypothetical clients is or will be a "qualified" individual with a disability for ADA purposes. *See* 42 U.S.C. § 12131(2). Plaintiffs describe their potential clients as "over the age of 21 and otherwise eligible to receive services pursuant to the PSA." FAC ¶ 20. The assertion that the

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

clients are "otherwise eligible to receive services" is conclusory and insufficient to plead this required element. *See Crenshaw*, 2020 WL 2858000, at *2 (assertion that plaintiff "[was] 'work eligible' because he [was] willing to work" did not provide "facts to support a reasonable inference that he was 'otherwise qualified' for employment while in custody at [a county detention center]").

The complaint alleges that Plaintiffs' hypothetical clients will meet the qualification of being "over the age of 21." FAC ¶ 20. But there are no allegations about whether any hypothetical clients will meet any *other* requirements of receiving psilocybin services, such as whether they are taking intoxicating drugs, whether they live in a locality that has banned service centers, or whether they are in Oregon at all. *See* ORS 475A.220(2) ("'Client' means an individual that is provided psilocybin services *in this state*." (emphasis added)); ORS 475A.504(1) ("A person may not sell, give or otherwise make available a psilocybin product to a person who is visibly intoxicated."); ORS 475A.718(1)(b) (providing that cities and counties may adopt ordinances prohibiting psilocybin service centers); ORS 475A.205(2) (the people intend that the PSA will "[p]revent the distribution of psilocybin products to other persons who are not permitted to possess psilocybin products under the provisions of [the PSA] and rules adopted under [the PSA], including but not limited to persons under 21 years of age; and . . . [p]revent the diversion of psilocybin products from this state to other states").

Without further factual allegations about any potential client, the Court "[cannot] even guess at whether [a potential client] may be a qualified individual under the ADA." *See Lambdin*, 2015 WL 263569, at *3. The lack of allegations about Plaintiffs' potential clients' qualifications thus provides another reason why the complaint fails to state a claim.

### 4. The complaint does not specify what accommodations are sought.

Plaintiffs claim that Defendants have violated the ADA by "refusing to permit the reasonable accommodations necessary to allow individuals with disabilities to access services under the PSA." FAC ¶ 27. But the complaint does not specify what accommodations are

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

sought for Plaintiffs' clients. Plaintiffs allege that they "would like to provide home-based service *or other reasonable accommodations*" to their clients. FAC ¶ 5 (emphasis added). The complaint does not explain what those other accommodations might be. A court cannot engage in the "fact-specific, case-by case inquiry" of whether a particular accommodation would be reasonable for a particular individual when the complaint does not clearly identify "the accommodations sought." *See D.M.*, 627 F. Supp. 3d at 1186.

In sum, the complaint seeks to require Defendants to allow accommodations for potential clients with disabilities, but it does not specify who the clients are, what their disabilities are, how they are qualified for psilocybin services, or what accommodations Defendants must allow for those clients. The ADA does not support such an open-ended claim. Defendants are therefore entitled to judgment in their favor because the complaint fails to state a claim for which relief can be granted.

## IV.    Conclusion

For all the reasons set forth above, this Court should enter judgment in Defendants' favor.

DATED September <u>26</u>, 2025.

<div style="margin-left: 40%;">

Respectfully submitted,

DAN RAYFIELD
Attorney General


   <u>s/ Shaunee Morgan</u>
SHAUNEE MORGAN #194256
ALEXANDER C. JONES #213898
Assistant Attorneys General
SADIE FORZLEY #151025
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Shaunee.Morgan@doj.oregon.gov
Alex.Jones@doj.oregon.gov
Sadie.Forzley@doj.oregon.gov
Of Attorneys for Defendants

</div>

Page 24 -  DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
S6M/sv3/995283173

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000